BARTECK, APPELLANT, *v.* PERSONAL FINANCE CO. OF TOLEDO, APPELLEE.

(Decided March 7, 1938.)

*Messrs. Heslip & Gibson,* for appellant.
*Messrs. Reams, Bretherton & Neipp,* for appellee.

OVERMYER, J. This is an appeal on questions of law. On December 29, 1936, the appellant, as plaintiff, filed her petition in Common Pleas Court seeking damages in the sum of $5,000 from the defendant, appellee herein, on a charge of libel. A general demurrer to the petition was filed and sustained, whereupon the plaintiff filed an amended petition containing three separately numbered causes of action: First, libel; second, negligence; third, attempted coercion and intimidation. On motion of defendant, the amended petition was stricken from the files and dismissed at plaintiff's costs. This is assigned as error.

It is urged that the action of the trial court was proper for the reason that the amended petition is based upon the same facts as the original petition and that the fundamental defect of the original petition is not susceptible of amendment. The controlling allegations of the amended petition will be discussed.

It is charged in the first cause of action that on October 23, 1936, the defendant composed and published of and concerning the plaintiff a certain letter and purported verified wage assignment, which letter and wage assignment were transmitted by defendant to plaintiff's employer, the city of Toledo, and which letter and wage assignment were false and untrue and malicious in that she had not executed that or any wage assignment to defendant; that defendant knew the wage assignment was not executed by plaintiff and maliciously and falsely verified the wage assignment and published the same and the letter referred to, well knowing the same were false. It is charged the defendant was actuated by malice and ill will and did the act to humiliate and embarrass plaintiff, cause her to be held up to ridicule and scorn, and to obtain unlawfully a portion of plaintiff's wages.

It is charged that as a result thereof part of the plaintiff's wages were withheld from her for a period of some two months, and that she was thereby embarrassed, humiliated, held up to ridicule and scorn, has suffered mental anxiety and strain, and has been put to expense and inconvenience in employing counsel. She also alleges she has suffered the loss of the use of a portion of her wages for several months, but this allegation might well have been omitted, and on motion stricken. There are other allegations in all three causes of action, relating to plaintiff being deprived for a time of the use of a part of her wages, and that the action of defendant was an effort to obtain a portion of plaintiff's wages. All these allegations are irrelevant and should have been stricken, if request had been made.

The second cause of action adopts all the allegations of the first cause of action and then charges the defendant with negligence in that a wage assignment had been executed by Julius Barteck, husband of plaintiff, to defendant, and that in copying said wage assignment defendant wantonly inserted the name of plaintiff as signer thereof instead of Julius Barteck, and that plaintiff upon discovery thereof and after publication thereof by defendant, informed defendant of the error but defendant took no action to correct same or release the lien on plaintiff's wages.

The third cause of action adopts the allegations of both preceding causes of action and charges that by the libel and publication and negligence the defendant intended to coerce and intimidate the plaintiff into surrendering to it a portion of her wages, without due and legal process or proceedings, resulting in her damage.

The first cause of action pleaded, excepting the parts above referred to, states a good cause of action for libel or "defamation of person." It is not and is not claimed to be a cause of libel *per se,* but libel *per quod.*

Special damages must be, and are alleged. The allegations made lay the basis for an action for libel, and, when proven, entitle plaintiff to damages, and for the injuries alleged we know of no other proper remedy she could pursue. The original petition stated a good cause of action, except for the irrelevant allegations above discussed.

The other causes of action set up in the amended petition, we think were properly dismissed. Wage assignments are legal documents recognized by the Ohio statutes (Section 6346-1 *et seq.,* General Code) and when legally executed and filed, bar action by the employee to recover from the employer the wages withheld under the assignment. But a false wage assignment would be in the same class with a forged one— it would be of no validity whatever and would not bar an action by the employee against the employer for wages due and withheld under such false assignment. They could be recovered, with interest.

The plaintiff is entitled to submit her proof on the first cause of action. Judgment reversed and cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.