(No. 34243.—

LETTIE WISE, Appellant, *vs.* FIRST NATIONAL BANK IN GREENVILLE, Exr., *et al.,* Appellees.

*Opinion filed March 20, 1957.*

L. C. COMBE, of Greenville, for appellant.

ROBERT F. SMITH, and CARL H. STOWE, both of Greenville, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Bond County construing the will and codicil of Ernest E. Wise, who died testate and a widower on May 23, 1955, leaving surviving as his only heirs-at-law his brother, Dwight A. Wise, and his niece, the plaintiff, Lettie Wise, neither of whom was mentioned in the will and codicil. Following the testator's death but before the present action was filed by the niece, the brother Dwight A. Wise died leaving all interest which he may have had in said estate to the Illinois Masonic Home, a defendant herein. The other defendants to this cause are the First National Bank in Greenville, executor and trustee named in the will, and Florence Ward and First Christian Church of Greenville, beneficiaries under the testamentary trust.

The lower court found that the will was executed on September 6, 1950; that the codicil was made on May 19, 1952; that the testator's wife, Ida B. Wise, predeceased him on October 14, 1953; that the will and codicil had been regularly admitted to probate on August 12, 1955; that these instruments effectively passed all property owned by the testator at his death to the legatees named therein; and that neither the plaintiff, the brother, nor the Illinois

Masonic Home had any interest in this property as heirs-at-law. Since the ownership of real estate is here involved, direct appeal has been taken by the plaintiff to this court.

The will itself, after providing in the first clause for the payment of debts and funeral expenses, goes on to dispose of the testator's property in the following manner:

The second clause states that all household goods and personal effects should be given to the testator's wife, Ida B. Wise.

The third clause bequeaths the remainder of said estate to the First National Bank in Greenville, as trustee, with directions to consult the wife during her lifetime as to the management of the trust estate and to pay to her during her lifetime such sums from principal or income as might be necessary for her comfort and support.

The fourth clause then says:

"In the event that my wife, Ida B. Wise, predeceases me, and I own real estate at the time of my death, the same having been held in joint tenancy by my wife and I during our lifetime, it is then my will and I hereby direct and authorize my said Trustee to sell and dispose of the same, or any other remaining real property that I may own or to which I may be entitled at the time of my death, hereby giving full power and authority to said trustee to execute deed or deeds of conveyance therefor without any court order in the premises."

The fifth clause authorizes the trustee to invest trust assets in a reliable life insurance company if prior written approval therefore is procured from the testator's wife.

The sixth clause is set out as follows:

"Any property remaining in the possession of my Trustee, or undisposed of at the time of the death of my wife, Ida B. Wise, it is my will that said Trustee shall sell the same with full power and authority as aforesaid, and out of the proceeds of the sale thereof, to pay any debts owing by my said wife, and also her funeral expenses, including any expenses of her last illness, and I hereby request that the remaining balance then in the hands of said Trustee be distributed as follows:

Said Trustee is hereby directed to make disposition and distribution of the remaining assets of said trust in its hands at the

death of both Ernest E. Wise and Ida B. Wise, his wife, as follows:

(a) It shall set up an ample reserve, out of said assets, for necessary expenses incident to the administration of said trust, and otherwise, and for possible payment of taxes, insurance on and upkeep of our residence property located at 123 East Oak Avenue, Greenville, Illinois, same being Lot Number Thirty-eight (38) and the East Twenty-two (22) feet of Lot Number Thirty-seven (37) in Greenwood's Addition to the Town (now City) of Greenville, and any unused portion of such reserve, at the final termination of said trust, when the purposes of said trust have been fully carried out and final distribution made and any balance remaining, to be paid to Lincoln Bible Institute, of Lincoln, Illinois, and in the event the said Lincoln Bible Institute is not in active existence at that time, such unused reserve and remaining balance to be paid to the First Christian Church in Greenville, Illinois.

(b) After the death of myself and my said wife, said Trustee shall offer Miss Florence Ward of Greenville, Illinois, the use of our home at 123 East Oak Avenue, Greenville, Illinois, she to live in same and make same her home, as long as she lives in Greenville, if she so desires, the taxes and insurance on said property to be paid during the time of her occupancy from the money remaining in the above-mentioned reserve fund and the maintenance thereof as she sees fit to be paid by said Florence Ward. At refusal of said offer or the termination of her occupancy of said property, whether during her life or at her death, said property is to be sold by the above-named Trustee and the proceeds of said sale, together with any unused portion of said reserve at the final termination of said trust, to be disposed of as provided in Paragraph 'a' of these instructions.

(c) It is not our intention, by the foregoing provisions, to require the trustee to make such distribution of assets all at one time necessarily; such, in fact, would not be practicable if Miss Florence Ward chooses to occupy our home for an extended period of time, as provided in paragraph 'b' hereof; but our intention is that said trustee make disposition and distribution of cash assets, in its hands, from time to time when it deems best, proper and practicable; and eventually, after said Miss Ward's occupancy of our said home, or her right thereto, has terminated, then the trustee shall sell same and distribute the net proceeds therefrom, in the same manner as above provided with reference to all the other assets, as soon as practicable, and when all said trust estate has been distributed as hereinabove provided, said trust shall terminate."

The seventh and last clause of the will states that the First National Bank in Greenville shall be the executor and that it shall consult with the testator's wife "should she survive me." The codicil, which was executed some 20 months after the will, revoked the bequest to Lincoln Bible Institute and directed the trustee to make all payments to the First Christian Church.

The plaintiff now contends that the will was designed and executed upon the assumption and contingency that Ida B. Wise would survive the testator, in which event the instructions for distribution would have become operative, but that no provision was made for the disposition of the estate should the opposite occur, and that since the wife did not in fact survive the testator, the bequests made for the benefit of Florence Ward and First Christian Church were without effect and the estate assets passed to the plaintiff and Illinois Masonic Home as intestate property. In support of her position, the plaintiff points out that personal effects were bequeathed to Ida B. Wise without provision for the legatee's prior death; that clause three and five specifically required the trustee to consult with said wife concerning the management of the trust estate; that the trustee is authorized, under the sixth clause, to pay debts which could arise only if the wife survived the testator; and that while the fourth clause directs the sale of estate assets the sixth clause provides that Florence Ward should have the right to use the testator's home during her lifetime.

The cardinal rule of testamentary construction is to ascertain and give effect to the testator's intention by examining the will as a whole, and if at all possible, to arrive at a construction which will render all parts thereof compatible and thus prevent intestacy. (*Weilmuenster* v. *Swanner,* 404 Ill. 21; *Edgar County Children's Home* v. *Beltranena,* 402 Ill. 385; *Knisely* v. *Simpson,* 397 Ill. 605; *Vollmer* v. *McGowan,* 409 Ill. 306.) Unless a contrary intention is

clearly expressed, it will be presumed that a testator intended to dispose of all his property by will, and this presumption is so strong that any reasonable construction will be adopted to avoid an opposite result. (*Glaser* v. *Chicago Title and Trust Co.* 393 Ill. 447; *McGlothlin* v. *McElvain,* 407 Ill. 142; *Cahill* v. *Michael,* 381 Ill. 395; *Dunn* v. *Kearney,* 288 Ill. 49.) Here, the plaintiff would have us believe that Ernest E. Wise was so certain of his prior death that he did not even consider the possibility that he might survive his wife. Yet, in the fourth clause of his will the testator provided "in the event that my wife, Ida B. Wise, predeceases me" real estate which was owned in joint tenancy with his wife should be sold. In the seventh clause he stated "I hereby request that my wife, Ida B. Wise, should she survive me, be consulted and advised with respect to said executorship." Such language, plus the fact that Ida B. Wise did in fact die some 19 months before the testator, clearly indicates that the testator was quite aware of the transitory nature of life. Furthermore, since joint tenancy property passes to the survivor regardless of will, the testator's instructions as to disposition of such property must have presupposed the prior death of the wife.

Considering the will and codicil as a whole, there does not appear to be any basis for the strained interpretation which is now being urged upon this court by the plaintiff. The third clause of the will contains the residuary clause and was also designed to furnish support and comfort to the wife should she survive. The fourth clause recognizes the opposite possibility by directing the disposal of joint tenancy and other property following the testator's death. Since the third clause does not indicate what disposition is to be made of the remainder should the wife survive, and since the fourth clause makes no mention of how the proceeds of sale shall be applied, if she should predecease, both are interrelated and dependent upon the sixth clause for complete meaning. Because of the fact that it had to

apply to either contingency, this sixth clause was phrased so as to be applicable to both situations. It contained instructions to pay the wife's funeral expenses and dispose of the property following her death in the hope that she would survive, but at the same time it provided for the maintenance and subsequent termination of the trust in either event by saying "at the death of both Ernest E. Wise and Ida B. Wise." For the same reason, the third and fifth clauses urged the trustee to consult the wife as to management problems if she survived. Such language was not surplusage but was a vital part of the instrument at the time it was made. The fact that only one of the contingencies could and did happen most certainly does not render the provisions improper.

It is true that both fourth and sixth clauses provide for the sale of testator's property following the death of him and his wife while, at the same time, the latter clause also states that his residence may be subsequently used by Florence Ward. Although the contrary may at first appear, these clauses are not inconsistent but when read together indicate an intention on the part of the testator that such disposal instructions should be subject to the Florence Ward interest and become applicable as to the residence only when this interest ceased. Such is substantiated by clause 6(c) which expressly states that it is not the testator's intent that all assets be disposed of at the same time. It is also true that bequests of household goods were made to the wife which lapsed by reason of her prior death, but such does not in any way destroy the instrument itself or render the property intestate. Rather, it points out the wisdom of including a broad residuary clause (*Belleville Savings Bank* v. *Aneshaensel,* 298 Ill. 292; *Dunn* v. *Kearney,* 288 Ill. 49,) and indicates that the testator wanted such property to fall into the trust residuum should he survive his wife.

It is our opinion that the testator fully appreciated the

possibility of his wife's prior death and intended to provide for that contingency. It was his desire that if his wife survived, she should assist with trust management and be comfortably provided for during the rest of her life. On the other hand, if his wife predeceased, the testator thought it best that distribution be made to the ultimate beneficiary as soon as possible. However, in either event, he intended that Florence Ward should have the use of the residence if she so desired. We agree therefore with the construction placed upon the will and codicil by the lower court. For that reason, the decree of the circuit court of Bond County is affirmed.

*Decree affirmed.*