(No. 35149.—

CHARLES M. WHITMORE, Exr., *et al.,* Appellees, *vs.* ARTHUR STARKS, Appellant.

*Opinion filed September 24, 1959.*

DONALD D. RICHMOND, of Champaign, for appellant.

TANNER & PATERSON, and J. MICHAEL O'BYRNE, both of Champaign, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The executor of the will of Sarah M. Moore, deceased, together with one of her nephews, brought suit in the circuit court of Champaign County to construe the will. The matter was referred to a master, who found the intent of the will to be as represented by the plaintiffs. The court approved the report of the master and a decree was entered construing the will accordingly. Arthur Starks, sole surviving brother of decedent, appeals directly to this court. We have jurisdiction on the ground that a freehold is involved.

The testatrix died on December 13, 1953, leaving as heirs her brother, Arthur, and eight nephews and nieces, the children of a deceased brother. The living brother, Arthur Starks, was a bachelor 61 years of age. All of the nephews and nieces were adults, some having children. There were 12 grandnieces and grandnephews of testatrix living at the time of her death. Her estate consisted of two parcels of real property, located in Champaign, Illinois, at 105 East Church Street and 403 East Church Street, some household furniture, and certain life insurance policies.

The will, which was executed only five days before testatrix's death and while she was confined in a hospital, was admitted to probate on February 4, 1954. The relevant provisions read as follows:

"I give devise and bequeath that the property of Cham-

paign 105 East Church Street Champaign Illinois Two Stories Building frame building to be given to my Brother Arthur Starks 4605 Prairie St Chicago Illinois as long as he lives and at his death the property mention above for the my heirs for a home not to be sold but each to share alike, and said property is to be given to be given to the childrens of the Starks heirs this property is located at 403-E. Church St. Champaign Illinois Household furniture to be divided equal Among the Starks heirs. After funeral bill has been deducted from Insurance the rest goes to Lawrence Starks."

The circuit court found that by the first part of the quoted language the testatrix devised a life estate in the property at 105 East Church Street to her brother, Arthur Starks; and the remainder thereof to her other heirs, namely: the children of her deceased brother, Clarence. The attempt to restrain any sale of the property was held void and of no force and effect. It was further found that the provision immediately following the phrase "each to share alike" devised the property at 403 East Church Street to the then-living children of the nieces and nephews, testatrix having meant by the term "Starks heirs" the children of her deceased brother Clarence and having intended to exclude from such class any of their children born after her death; and that by the remaining language she left the furniture to her nephews and nieces and the balance of her insurance money to a nephew, Lawrence Starks.

Appellant Arthur Starks contends first that except for the provision devising to him a life estate in the 105 East Church Street property, the language of the instrument is so confused and inartfully drawn as to be unintelligible; that it is ineffective to dispose of any property; and that everything except the life estate must therefore pass by intestacy. To support the contention cases are cited wherein wills of unambiguous terminology have failed to dispose of

all the testator's property. Where such is the case courts will not by construction supply provisions which the testator would presumably have made if he had thought of it, and it is held accordingly that a partial intestacy occurs. (*Hampton* v. *Dill*, 354 Ill. 415; *Foss* v. *State Bank and Trust Co.* 343 Ill. 94; *Pontius* v. *Conrad*, 317 Ill. 241; *Bond* v. *Moore*, 236 Ill. 576.) Such, however, is not the case here; and the authorities cited have no application to the question whether the language used by the testatrix is sufficiently intelligible to be given effect. The present will purports to dispose of all the property shown to have been owned by testatrix at her death. The issue is whether a sufficiently definite meaning can be given to words by which she attempted to designate her beneficiaries.

For the determination of such issues rules of construction have been developed by which an intention sufficiently manifested by the will can be ascertained and given effect although expressed in an inapt and ungrammatical manner. That the primary object is to seek and to carry into effect the testator's intention, to the extent that it does not violate some rule of law, is a canon requiring no citation of authority. Although that intention must be found in the words of the will, it is presumed that he intended to dispose of all his property thereby; and any reasonable construction not inconsistent with its terms will be adopted which disposes of the entire estate. (*Glaser* v. *Chicago Title and Trust Co.* 393 Ill. 447.) The testator's intention is to be gathered, not from one clause of the will alone, but from the instrument as a whole and all of its parts, bearing in mind the plan of the testator as expressed in the entire will. (*Dyslin* v. *Wolf*, 407 Ill. 532.) In deciding such questions each case must be considered on its own particular facts and circumstances, since even the same words, when used under different circumstances and in different context, may express different intentions. (*Jackman* v. *Kasper*, 393 Ill. 496.) Where the language is such that the intention is

doubtful the court may consider the circumstances surrounding the testator when the will was made (*Stern* v. *Stern,* 410 Ill. 377; *Jackman* v. *Kasper,* 393 Ill. 496); and where one construction renders a portion of the will meaningless and another gives effect to all the provisions the latter construction will be adopted. (*Rasmusson* v. *Unknown Wife of Hoge,* 293 Ill. 101.) A will may be sustained though written, as here, in an inartful and ungrammatical fashion, where it expresses an intention to dispose of the testator's property at his death. *Erwin* v. *Kruse, post* 364.

An examination of the present will reveals that the testatrix had a plan for the distribution of her entire estate, and considering its provisions as a whole in the light of the circumstances surrounding her and her family when the will was made, we think that the language is sufficient to identify the nature and object of her gifts and that the circuit court properly construed it. At the time the will was executed her brother Arthur, a bachelor 61 years of age, was the sole survivor in her immediate family. A deceased brother had left eight children, the nephews and nieces of testatrix. A third group of blood relatives consisted of the children of those nephews and nieces, or the grandnephews and grandnieces of the testatrix.

The will indicates a purpose to provide for each class or group. It is not disputed that the provision giving the property known as 105 East Church Street to the appellant, her brother, "as long as he lives" devised to him a life estate therein. It was then provided that at his death the property was to go, share and share alike, to persons described as "the my heirs," for a home. The circuit court determined that the testatrix employed the phrase in reference to those of her heirs other than Arthur, and that he was not intended to have an interest in the remainder as well as the use of the property during his lifetime. We think this interpretation is correct. Appellant's argument that the beneficiaries must comprise all her heirs in the

legal or technical sense is not persuasive. Her direction that it be used as a home and not sold, while held to be invalid, shows that she must have meant to exclude Arthur from the remainder interest, since he would necessarily be deceased at the termination of his life estate and hence without any possibility of using it as a home.

The testatrix next provided that "said property is to be given to be given to the childrens of the Starks heirs this property is located at 403- E. Church St. Champaign Illinois." It seems evident that this gift relates to the property known as 403 East Church Street, despite the use of the words "said property" at the outset of the provision. The express reference to the location of "this property" following the dispositive clause—when read in view of the fact that the testatrix owned only two parcels of real estate, the first of which she had already provided for—is enough to make reasonably clear what would otherwise be ambiguous.

The principal ambiguity relied upon by appellant in support of his position that the will is unintelligible seems to be in the term "Starks heirs." It is argued that the words fail to indicate which Starkses were meant; that to identify the intended beneficiaries would amount to guesswork or conjecture; and that the power to construe a testator's will does not warrant a court in adding words which in effect amount to making a new will for him. We cannot accept the argument. When the will is considered in all its parts and read in the light of testatrix's family circumstances, the conclusions seem plain that she intended to benefit each of the three classes of relatives, and that by "Starks heirs" she meant her nieces and nephews. She could hardly have been referring to the heirs of her parents, for apparently Arthur would be the only one left who could qualify. In using the plural form she obviously contemplated a number of persons, and the only persons in being who fit the description are the children of her deceased brother, Clarence Starks. The devise of the property at 403 E. Church Street

to "the childrens of the Starks heirs" is therefore a gift to testatrix's grandnephews and grandnieces as a class; and where there is no intervening estate or contrary expression in the will, the membership of a class is determined as of the date of the testator's death. *Millikin National Bank* v. *Wilson*, 343 Ill. 55.

The circuit court of Champaign County properly construed the will, and its decree is accordingly affirmed.

*Decree affirmed.*