*In re* ESTATE OF CARRIE FRANKE, Deceased—EDWARD LEVINE, Successor Executor of the Last Will and Testament of CARRIE FRANKE, Deceased, Petitioner-Appellee, v. EDWIN SAND, SR. *et al.*, Executors of the Will of Emma Ahlers, Deceased, Defendants-Appellants—(EARL HAAKE *et al.*, Defendants-Appellees—FRED FRANKE *et al.*, Defendants.)

(No. 54811;

First District—May 19, 1971.

Carroll, Paxton & Blomquist, of Chicago, (Glenn G. Paxton and J. Herbert Landon, of counsel,) for appellants.

Thompson & Thompson, of Chicago, (Paul E. Thompson and Percival E. Thompson, of counsel,) for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Supplemental proceedings were instituted to construe the joint Will of the decedent, Carrie Franke, and of her predeceased husband, William F. Franke, and to determine the parties entitled to take shares in the residue of the decedent's estate bequeathed to four residuary legatees

who also predeceased her. The trial judge heard the case on the pleadings and decreed that the shares of the four predeceased residuary legatees should be distributed as intestate property to the heirs-at-law of Carrie Franke. This appeal was taken from that decree. No questions are raised on the pleadings.

The sole issue presented is, whether under the Will and applicable law the shares of the four predeceased residuary legatees passed proportionately to the surviving residuary legatees, or to the decedent's heirs-at-law.

On February 13, 1961, Carrie Franke and her husband, William F. Franke, executed a joint and mutual Will. In Paragraph Three of the Will, each bequeathed the residue of his or her property to the survivor. In Paragraph Four through Eleven, each, if predeceased by the other, made certain bequests to various friends, relatives, and charities. In Paragraph Twelve, which gives rise to this controversy, each, if predeceased by the other, disposed of the residue as follows:

> *TWELFTH:* Upon the death of the survivor of us, each of us gives and bequeaths all the residue of our respective estates and property, real and personal, wherever situated, to the following named persons and in the hereinafter designated proportions, respectively, provided that if any one or more of them shall predecease us, then the portion or portions provided in this Paragraph *TWELFTH* for such one or more of them as shall so predecease us shall lapse and such portion or portions shall become a part of the residuum of our estate, to be disposed of as hereinafter provided:

There then followed the names of twenty legatees who were to receive shares of the residue in designated proportions varying from 3% to 10%. There was no other provision in the Will relating to the residue.

Carrie Franke died in July 13, 1964, without descendants. She was predeceased by her husband, William F. Franke, and by four of the twenty residuary legatees designated in the Will. The bequests to the four residuary legatees who did not survive the joint testators lapsed in accordance with the provisions of Paragraph Twelve of the Will.

The sole issue presented in this appeal is whether the lapsed shares of the four residual legatees who did not survive the joint testators, pass proportionately to the surviving residuary legatees under paragraph Twelve of the joint Will or whether the lapsed shares constitute undisposed property which must be distributed in accord with the laws of intestate succession.

The appellants contend that the Will, taken as a whole, evidences an intention on the part of the testators that the surviving residuary legatees should take the lapsed shares of the predeceased legatees. It is argued

that the phrase in paragraph Twelve, "to be disposed of as hereinafter provided," can apply meaningfully to no other part of the Will except to the names and respective percentage shares that immediately follow it. It is further argued that any other construction of the phrase, "to be disposed of as hereinafter provided," would render meaningless the direction in Paragraph Twelve that the lapsed portion or portions "shall become a part of the residuum of our estate."

The appellees contend that "the language of the TWELFTH Paragraph of the Will showed that the TWELFTH Paragraph was a junior or subresiduum clause and by error the draftsman neglected to add another paragraph following Paragraph Twelve indicating the disposition of the legacies which he had expressly directed to lapse in Paragraph TWELFTH. It is argued that since the lapsed legacies are not disposed by the Will, they should be distributed as intestate property in accordance with Section 51 of the Probate Act (Ill. Rev. Stat. 1961, ch. 3, par. 51) which provides that all property not devised or bequeathed by Will shall be distributed as intestate property. In response to the appellants' contention that the phrase, "to be disposed of as hereinafter provided," refers to the legatees named in Paragraph Twelve, the appellees urge that "[t]he obvious fallacy of this argument is that by relating the phrase to the same paragraph, it puts the testator in the odd position of bequeathing legacies that he has just directed to lapse back to the deceased persons on the twelfth paragraph list that Appellants say is 'hereinafter provided.'"

■■ The cardinal rule in the construction of wills is to ascertain the intention of the testator from the will itself and to effectuate that intention unless it is contrary to some established rule of law or public policy. (*Rosenthal v. First National Bank of Chicago*, 40 Ill.2d 266, 239 N.E.2d 826.) The intention of the testator is not determined from the language of any particular clause, phrase, or sentence, but from a view of the Will as a whole and all its parts, sentences, phrases, or words, bearing in mind the plan of the testator as expressed in the entire Will. (*Davidson v. Davidson*, 2 Ill.2d 197, 117 N.E.2d 769.) No applicable language can be ignored, regardless of its position in the Will, and no clause, words, or language should be arbitrarily rejected as meaningless, insignificant, or surplusage, except from absolute necessity. (*Williams v. Fulton*, 4 Ill.2d 524, 123 N.E.2d 495.) When one construction renders a portion meaningless and another gives an effect to all the words used, the latter construction should be adopted. (*Whitmore v. Starks*, 17 Ill.2d 202, 161 N.E.2d 254.) Unless a contrary intention is clearly expressed, it will be presumed that a testator intended to dispose of all his property by Will, and this presumption is so strong that any reasonable construction

will be adopted to avoid intestacy. *Wise v. First National Bank in Greenville,* 10 Ill.2d 623, 141 N.E.2d 1.

■■ We have carefully examined the Will with these rules in mind. It is apparent from a reading of the Will that Carrie Franke and her husband, William F. Franke, intended that no matter which of them died first, all of their respective property would be disposed and distributed under their joint agreement. In paragraphs Four through Eleven, the testators made specific bequests to friends, relatives, and charities. It is evident, that by paragraph Twelve the residue of the estate of the survivor was bequeathed in specified percentages to twenty residuary legatees. There was no indication in the Will that the relatives of one testator were to be favored over the relatives of the other. 46% of the residue was bequeathed to the relatives of William F. Franke, while 54% of the residue was bequeathed to relatives of Carrie Franke. Brothers and sisters of the testators received shares of 10%, and nieces and nephews received shares of 3% or 4%.

Anticipating that some of the named residuary legatees might predecease the survivor of them, the testators inserted the following provision in paragraph Twelve:

> * * * provided that if any one or more of them shall predecease us, then the portion or portions provided in this Paragraph *TWELFTH* for such one or more of them as shall predecease us shall lapse and such portion or portions shall become a part of the residue of our estate, to be disposed of as hereinafter provided:

This language is immediately followed by the names and proportionate shares of the named residuary legatees. There was no other provision in the Will relating to the residue.

It is our conclusion that the intent of the testator as expressed in the Will as a whole was that the surviving residuary legatees should receive the lapsed shares of the predeceased residuary legatees and that the phrase, "to be disposed of as hereinafter provided," is properly construed to refer to the named surviving residuary legatees. The intent of the testator with regard to the lapsed legacies admittedly could have been stated more clearly and more concisely; however, the construction, which we adopt, follows reasonably from the language used in the Will. The list of residual legatees immediately followed the phrase, "to be disposed of as hereinafter provided," and the list was the only part of the Will to which the phrase could refer. This construction gives meaning to the direction in paragraph Twelve that the lapsed portion or portions "shall become a part of the residuum of our estate." In addition, it avoids a partial intestacy and makes the Will a complete disposition of the testators' property, as intended by the parties.

164

We do not agree that it is apparent that an additional residual clause was inadvertently omitted from the Will. The Will set forth an orderly plan of distribution of the estates of the testators. The only possible reference in the Will to the omitted paragraph is the phrase, "to be disposed of as hereinafter provided." Since this phrase can be construed reasonably to refer to an existing part of the Will, we will not adopt a construction which would render a part of the Will meaningless and which would result in a partial intestacy.

Since the Will, as construed by us, makes a complete disposition of the estate of Carrie Franke, Section 51 of the Probate Act (Ill. Rev. Stat. 1961, ch. 3, par. 51) which deals with property not disposed by will, has no application here. The cases of *Glaser v. Chicago Title & Trust Co.*, 393 Ill. 447, 66 N.E.2d 410, *Hampton v. Dill*, 354 Ill. 415, 188 N.E. 419, and *Dailey v. Dailey*, 224 Ill.App. 17, which present various factual situations in which testators have made incomplete testamentary dispositions, are likewise inapplicable.

The judgment is reversed and the cause is remanded with directions to enter a judgment in accordance with the views expressed herein.

Reversed and remanded, with directions.

ADESKO, P. J., and DIERINGER, J., concur.