GENE A. RAPP *et al.,* Plaintiffs-Appellants, *v.* BANK OF NAPERVILLE, Exr. and Trustee of Estate of GEORGE A. RAPP, Deceased, *et al.,* Defendants-Appellees.

(No. 71-105;

Second District—May 31, 1972.

Samuel Saxon, of Plainfield, for appellants.

Nadelhoffer, Hennessy & Dommermuth, of Naperville, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The plaintiffs appeal from a circuit court wherein the will of George A. Rapp was construed and plaintiffs were denied the relief sought.

George A. Rapp died on December 19, 1969, leaving a will and various

codicils which were duly admitted in the Probate Division of the circuit court.

In Paragraph Fourth of the will the testator provided that, if his wife survived him, fifty percent of the value of his adjusted gross estate should be placed in trust. The income generated by this trust, to be known as the "George A. Rapp Marital Trust," was to be paid to his wife during her life. Upon her death the principal and any accrued and undistributed income would be distributed pursuant to the wife's exercise of a power of appointment given her in the will.

In Paragraph Fifth, the tesator provided that the remainder of his estate be placed in a trust to be known as the "Gene A. Rapp Memorial Trust," stating:

*Section 1:* Commencing with my death, the Trustee shall pay the income from the 'Gene A. Rapp Memorial Trust' in convenient install-ments, but not less frequently than quarterly, to my wife during her lifetime.

*Section 2:* Upon the death of my said wife, the Trustee shall forth-with divide the Gene A. Rapp Memorial Trust into three (3) equal parts or shares. The said three (3) shares, each consisting of one-third (⅓) in value of the Gene A. Rapp Memorial Trust, shall be held for the respective benefit of Gene Allan Rapp, Gary Wayne Rapp and George Dennis Rapp, natural born sons of my deceased son, Gene Arthur Rapp (hereinafter referred to as 'my grandsons').

*Section 3:* Each of the shares so provided for my grandsons shall be administered and disposed of as follows:

(a) In the event that any of my said grandsons are under the age of 18 years at the time of my death, my Trustee is to pay to the legal guardian of each grandson under the age of 18 as aforesaid, $50.00 per month to assist in the support of that grandson. After said grandson reaches the age of 18 and providing he is attending either grade or high school, this payment by the Trustee is to be increased to $60.00 per month except and unless the said grandson is attending college or vocational school; in the event that any of my said grandsons attend college or vocational school, the $50.00 payments or the $60.00 pay-ments, as the case may be, are to be eliminated and the Trustee is to pay out of the income or the share so provided for that particular grandson (with permission to invade the principal if the Trustee in its sole discretion finds that necessary) a sufficient amount to provide tuition, board, room, books, fees, laundry and medical care plus a reasonable amount of spending money (all of the above being at the sole discretion of the Trustee) for as long as the said grandson is in attendance at a college or a vocation school. If, however, any of my

said grandsons reach the age of 18 and ceases to attend school, then and in that event the said grandson is to support himself and the $60.00 payments aforesaid shall cease. Any unexpended income from the share of any of my said grandsons shall be accumulated and added to the principal of his share."

The plaintiffs, two of the testator's three grandsons, filed a complaint to construe the will alleging that Gene A. Rapp is now 23 years of age and enrolled in college; that George D. Rapp is 18 years of age and attending high school; that both of them are students and that they consequently satisfy the requirements of Section 3(a); that it was the testator's intent to provide for his grandsons' educations commencing with the date of his death in that (under Section 3(a)) the trustee is directed to pay out funds to the grandsons if certain requirements are satisfied "at the time of *my* death." (Emphasis added.) They therefore asked that the executor be directed to pay out of the estate amounts specified in Section 3(a) and to credit said amounts against the Memorial Trust. The defendants alleged that a complete reading of the will indicates the testator's intent "was to provide for the education of the grandchildren in the event that they were of an educable age and conditioned also on the contingency that * * * his widow, was deceased either at the time of the Testator's death or that she died subsequent while the education age requirements were still applicable." Plaintiffs countered that funds for their educations are needed at the present time and that to find that such funds could not be expended until after the death of their grandmother, would render the education provisions meaningless. The issue thus was whether the grandsons could share in the trust before the death of their grandmother.

At trial, evidence was received which showed that before his death testator made payments to the grandsons' mother for their benefit and that after his death his widow made two payments for the benefit of George D. Rapp.

The trial judge agreed with the defendants' interpretation and denied plaintiffs' request.

The law concerning the construction of a will is that:

"* * * the intention of the testator controls and if his intention can be ascertained from the words used, this intention will be carried into effect unless contrary to public policy or some fixed rule of law. It is the intention expressed, and not that which is presumed to have been in his mind, which is controlling. [Citations omitted.] *Rosenthal v. First Nat. Bank* (1963), 40 Ill.2d 266, 276.

"* * * The testator's intention is to be gathered, not from one clause of the will alone, but from the instrument as a whole and all of its parts,

bearing in mind the plan of the testator as expressed in the entire will. [Citations omitted.] In deciding such question each case must be considered on its own particular facts and circumstances, since even the same words, when used under different circumstances and in different context, may express different intentions. [Citations omitted.]" *Whitmore v. Starks* (1959), 17 Ill.2d 202, 206.

■■ The intent of the testator can be ascertained, and the apparent contradictions of Sections 2 and 3 reconciled, when Paragraph Fifth is read in sequence and in its entirety. After Section 2 provides that shares for the grandsons are created upon the death of the wife, the introductory sentence in Section 3 states that *"these shares so provided* for my grandsons shall be administered and disposed of as follows." (Emphasis added.) It appears clear that before the shares can be administered and disposed of pursuant to Section 3(a) they must first be in existence. According to Section 2, the trust is not divided into these shares until the death of the testator's wife. Within the paragraphs of Section 3, repeated reference to each grandson's "share" further indicates that division of the trust must first occur before Section 3(a) applies. Viewed in this manner, testator's words, "at the time of my death", must be interpreted as, "at the time of my death if the trust has been divided into shares," or "at the time of my death if preceded in death by my wife." Thus it follows that the grandsons cannot share in the trust until the death of the testator's wife.

■■ An adoption of plaintiff's interpretation would render Section 2 and the introductory sentence of Section 3 meaningless. The law is clear that:

"* * * where one construction renders a portion of the will meaningless and another gives effect to all the provisions the latter construction will be adopted." *Whitmore v. Starks, supra,* at 207.

The plaintiffs place heavy emphasis upon the surrounding circumstances, *i.e.,* that the testator made payments for the benefit of the grandsons before his death and at the time of execution of the will and that the trust is named after the grandson's father. However, since the language in Sections 2 and 3 clearly shows that the testator did not intend for the grandsons to receive monies from the trust until the wife's death, we must adhere to this expressed intent rather than a presumed intent hypothesized from examining the surrounding facts. *Rosenthal v. First Nat. Bank, supra* at 276; *Vollmer v. McGowan* (1951), 409 Ill. 306, 312.

We affirm the decision of the trial court.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.