CORN BELT BANK, Trustee, Plaintiff-Appellee, *v.* DIANE HANKINS, f/k/a Diane Upson *et al.*, Defendants.—(DIANE HANKINS, f/k/a Diane Upson *et al.*, Defendants-Appellants.)

Fourth District   No. 14149

Opinion filed July 11, 1977.—Rehearing denied August 16, 1977.

William F. Costigan, of Costigan and Wollrab, of Bloomington, for appellants.

Bach and Laudeman, Ltd., of Bloomington, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Defendants Diane Hankins, Louis Raymond Tiangco III and William Hazlett Upson II appeal from an order of the Circuit Court of McLean County construing the provisions of a trust created under the will of Diane Hankins' father Raymond V. Dee. Plaintiff Corn Belt Bank is trustee of that trust. Defendant Sandra Rae Dee, an incompetent, is the only other child of the testator and she and her sister Diane Hankins are the lifetime beneficiaries of the trust. Upon their death the corpus is to be distributed to the testators "lineal descendants then living." Defendants Tiangco and Upson are adult children of Diane Hankins. Her only other children are two minors who were also defendants to the petition and were represented in the trial court by a guardian ad litem. Sandra Rae Dee was represented there by her conservator. Only plaintiff appears on appeal. Plaintiff sought construction of the will to determine the portion of the amount of income of the trust to which Diane Hankins was entitled.

In providing for the distribution of the income from the trust the will stated that the testator had greatest concern for the incompetent daughter. It directed that there be "first paid from the net income * * * the costs of her support and maintenance, except that if she is then being cared for in any State Institution, that my Trustee shall pay no more to the State than that which would be paid by a person whose income is that of 50% of the net income" of the trust. The will further provided that the trustee might supplement "the support payment" by purchases of personal articles which could be furnished directly to that daughter. In the event that that daughter was in private care the trustee was empowered to pay the conservator for her support and maintenance such sum as the trustee deemed best, "but not to exceed 50% of the net annual income, unless unusual circumstances or conditions require additional expenditures * * *." The will then restated the testator's great concern for that daughter "due to her great need."

The interpretation of the following subsequent provisions of the will is directly in issue in determining Diane Hankins' distributive share.

"If in any year the income which I have provided for my daughter, Sandra Rae, is more than sufficient to care for her, the same may be accumulated to the extent that it may be legally done for future expenditures to be made on her behalf.

Out of the balance of said net distributable income there shall be paid at least annually 30% of said income to my daughter, Diane

Upson, personally and to no other person as assignee, it being my intention that if my daughter Diane should anticipate her share of the income by assignment or hypothecation, that my said Trustee shall withhold such payment and apply it to the use of my daughter, Sandra Rae.

The remaining 20% of said income shall be used and applied to the reduction of any mortgage indebtedness that may exist, and to meet any required principal payments.

* * *

Any capital improvement which good business management should require to be built or constructed on my land should be financed by loan and not taken out of income, but should be repaid out of that percent of the income which is directed to be used for the retirement of my debts."

Defendants Diane Hankins and her two adult sons concede that her sister is entitled to at least 50% of the annual net income from the trust and that an additional 20% of the income can be used for mortgage or capital improvement loan payments or for discretionary additional payments to her sister under "unusual conditions or circumstances." They contend, however, that if 20% of the income is not needed for those purposes, the balance should be distributed to her and not accumulated. To effectuate this disposition, they seek to have the words "paid at least annually 30% of said income" which describe the amount and method of her distribution be interpreted as saying "paid annually at least 30% of said income."

Plaintiff maintains that although the will does not expressly state that the 20% of the income not used for the stated purposes may be accumulated, the will indicates an intention that this be done and that the "at least annually" provision should be interpreted literally. Although not appearing on appeal the conservator and guardian ad litem for the other parties concurred in this position at trial. The trial court agreed and entered its order accordingly.

■■ That the testator's intention should, when possible, be determined from the terms of the will itself is the basic rule of testamentary construction (*Bradshaw v. Lewis* (1973), 54 Ill. 2d 304, 296 N.E.2d 747). From the terms of the will it is apparent that the testator had great concern for Sandra. Where the trust contains no direct authorization to accumulate income but where that authorization is expressed by the general scheme of the will, income may be accumulated. (*In re Estate of Hartt* (1967), 88 Ill. App. 2d 146, 232 N.E.2d 231.) Although the trust made no express provision for accumulation of the unused portion of the 20% of the income, it did expressly provide for accumulation of any unused portion of Sandra's 50% of the income. The trust also provided that if Sandra survived Diane, Diane's portion of the income was available for

Sandra's support and that any unused portion might be accumulated. Considering these provisions for accumulation and the testator's concern for Sandra's well-being, the trial court concluded that the testator intended that unused portions of the 20% of income were to be accumulated.

■■ The provision in the trust for future capital improvements was curious, however, because it provided that these improvements should not be paid for out of income but that money should be borrowed and the loan repaid out of the 20% fund. Had the testator intended that accumulations might have been made from the 20% of the income, it would seem likely that he would have provided that this money be first used for capital improvements rather than to have required borrowing with repayment to be made from this fund. When this provision is considered, the testator's failure to expressly state that portions of the 20% might be accumulated while at the same time making express provision for accumulation of other portions of unused income would indicate under the maxim *expressio unius est exclusio alterius,* that the testator did not intend for the 20% of the income to be accumulated. Since Sandra was not yet middle aged at the time of the drafting of the will in 1960, accumulations of the 20% of the income could have continued for many years. Long-time accumulations of income are not favored in the law. (*May v. Marx* (1939), 299 Ill. App. 442, 20 N.E.2d 259.) We determine that accumulation of unused portions of the 20% of the income was not intended.

■■■ Defendants Diane Hankins and her adult sons maintain that we should rule that if the testator did not intend for the 20% of the income to accumulate, he intended that it be distributed to Diane and that he intended the provision for her share to mean that an annual distribution should be made to her of at least 30% but more if other funds were available for her from the 20%. In support of this they offered testimony of Diane that her father told her he wanted to treat the daughters equally and a former will which did just that. The trial court properly refused this evidence because, rather than resolving an ambiguity, it propounded matter that was directly contrary to the express terms of the will which stated that the testator wished special consideration for Sandra. The scrivener of the will testified that he could not remember whether the testator had intended to say "at least annually 30%" or "at least 30% annually." We are not persuaded by this argument. The word "least" clearly modifies only the word "annually" and not "30%" and this direction clearly authorizes a distribution of only 30%.

Although there is a strong presumption against intestacy (*Wise v. First National Bank* (1957), 10 Ill. 2d 623, 141 N.E.2d 1) the court will not supply a provision to the will to overcome an omission and prevent an

778

intestacy. (*Glaser v. Chicago Title & Trust Co.* (1946), 393 Ill. 447, 66 N.E.2d 410.) We can find no provision in the instant trust providing for the disposition of the unspent portion of the 20% of the income. The trust receives the residue of the estate and there is no other residuary clause. We rule that unused portions of the trust pass as intestate property to defendants Diane Hankins and Sandra Rae Dee in equal shares with Sandra's share to be paid to her conservator.

■■■ We reverse the order construing the will and remand the case to the Circuit Court of McLean County for modification of the order of construction to conform to the views expressed in this opinion. The court should also hold a hearing to determine the extent of any undistributed income of prior years which passed as intestate property. The record indicates a claim by the State of Illinois for past care for Sandra. It would appear that this claim would have to be first determined. If any sums are found to have passed as intestate property in prior years, distribution should be made accordingly.

Reversed and remanded.

REARDON and KASSERMAN, JJ., concur.