Charles Harold White, Appellee, v. Florence H. White et al., Kenton R. Wright, Appellant.

Gen. No. 9,703.

Heard in this court at the October term, 1941. Opinion filed January 14, 1942.

Roy H. Brown and Edgar H. Wilson, both of Rockford, for appellant.

Kenworthy, Shallberg & Harper, of Moline, for certain appellee.

Johnson, Railsback & Bozeman, of Moline, for certain other appellees.

Henry W. Parsons, guardian *ad litem*, for certain other appellee.

John O. Young, guardian *ad litem,* for certain other appellees.

Mr. Justice Dove delivered the opinion of the court.
This cause involves the construction of paragraph four of the last will of Charles E. White, deceased,

late of the city of Moline, in Rock Island county. The will was executed July 29, 1927, and the testator died September 16th of that year.

The will named appellee and Peoples Savings Bank and Trust Company as executors and trustees. Upon the closing of the bank, appellee became sole trustee. After specific legacies in the second paragraph, the use of the household furnishings and the home were given the widow and unmarried daughters for their respective lives while any of the latter remained single, and then to go into the residuary estate. The taxes and upkeep were imposed upon the widow during her lifetime, and thereafter upon any unmarried daughter.

The fourth paragraph bequeathes to the trustees 1,997 shares of $100 par value preferred stock of Deere and Company, a corporation, in trust, with power to hold, manage, sell, invest and reinvest the same and the proceeds, without restriction. Through a corporate reorganization these shares were converted into 9,985 shares of $20 par value. The portion of the fourth paragraph in controversy reads: "(c) Out of the net income from said trust estate, my Trustees are to pay to my beloved wife, Carolyn V. White, the sum of Six Hundred ($600.00) Dollars per month for and during her natural life, for her own use and behoof forever, provided, however, that if she fails at any time or as she fails from time to time to pay promptly all taxes, assessments and insurance on said homestead premises, household goods and furniture, as they become due, and fails to make and pay for all repairs thereon and to bear the expenses of the upkeep and maintenance thereof, as provided in paragraph designated 'Third' of this, my Last Will, then my Trustees shall deduct from said monthly allowance a sufficient sum from time to time to be applied by my said Trustees for the purposes aforesaid. The remainder of the net income from time to time from the trust estate is to be paid, quarterly or oftener, to my children, Florence A.

White, Charles Harold White, Clifford E. White, Lucy Marian White and Catherine Louise White, in equal shares, for and during the life of my said wife. Upon the death of my said wife, said trust estate shall terminate and the principal of said trust, with any unpaid accumulations thereon, shall be transferred and conveyed to my aforesaid children in equal shares, discharged of all trusts, after the deduction of all charges and expenses reasonably incurred in the administration of the trust. If any child of mine should die before the death of my wife, leaving issue living at the time, such issue shall take by substitution, in equal shares if more than one, the income from, and the principal of, said trust estate, which such child of mine would have taken under the trust herein declared, had he or she survived and attained a vested interest.''

The fifth paragraph provides: ''All the rest, residue and remainder of my estate, of whatever kind and nature, real, personal or mixed, of which I may die seized, possessed or entitled to, I give, devise and bequeath, and the same shall be divided among my aforesaid five children, share and share alike, for their own use and behoof forever. If any child of mine shall have died leaving issue living at the time of my death, such issue shall take by substitution, in equal shares if more than one, the share which such child of mine would have taken had he or she survived me.''

The gifts in paragraphs four and five are of approximately equal value and the gross income from the trust has been about $14,000 per annum. The testator left surviving him his widow and five children above-named. At the time of his death the sons were married and the daughters were single. Appellee, Charles Harold White, has no issue. He and his wife adopted a child, Polly Ann. Clifford E. has five children, two of them born before the testator's death. Since his death, Catherine Louise married Wayne C. Staley and has two children. Florence A. remained a

spinster. Lucy Marian married appellant, Kenton R. Wright and died September 6, 1939, leaving no surviving issue. Her husband was appointed administrator of her estate and is appellant here.

Because of no express provision in the will in case of the death of a child without issue, appellee, in his own right and as such trustee, filed a complaint in the city court of Moline for a construction of the will. Answers were filed by the respective parties above-mentioned. The contention of appellant is that the interest of Lucy Marian, his deceased wife, under paragraph four, became a vested indefeasible estate at the death of the testator. The chancellor held the testator intended to suspend the vesting of the interests under the trust until the death of the widow and that they were a contingent reminder. The decree orders and adjudges that appellant is not entitled to any portion of the corpus or income of the trust either individually or as administrator of his wife's estate since her death; that the share in the income which would have gone to appellant's wife and which has accumulated since her death, should be distributed to the four surviving children of the testator and continue to be so distributed during their respective lives and until the death of the widow, and that upon the death of the widow, the corpus of the trust should be divided among the four surviving children in equal portions. The decree expressly refrains from further findings as to the distribution of income from the trust estate should any other contingency occur.

The paramount rule in construing a will is to ascertain and give effect to the intention of the testator unless he has attempted to dispose of his property contrary to some rule of law or public policy. (*Fay v. Fay,* 336 Ill. 299; *Defrees v. Brydon,* 275 Ill. 530, 540; *Welch v. Wheelock,* 242 Ill. 380, 385.) Appellant invokes many familiar principles of will construction applicable where there is an uncertainty as to the inten-

tion of the testator from the language employed in the instrument. When the meaning of the language is not doubtful, and the intention of the testator, as shown thereby, is clear that the gift is not to vest at the death of the testator, rules of construction used in doubtful cases have no application. (*Bennett v. Bennett,* 217 Ill. 434, 444; *People v. Byrd,* 253 Ill. 223, 227; Gray "Nature and Sources of Law" Appendix VII, 1909.) Appellant does not claim the testator's disposition of the trust property violates any rule of law or public policy, so the first question to determine is whether, as claimed by appellee, the intention of the testator to postpone the vesting of the trust estate is clear. If it is, all rules of construction applied where the intention is not clear are of no assistance, but the paramount rule must necessarily be followed, and the intention given effect.

Counsel for appellant argue that inasmuch as the fourth paragraph of the will makes no express provision for devolution of the share of a child dying without leaving surviving issue, the claim of appellee must rest upon the theory of a gift by implication to the surviving children. The claim of appellee has no such basis. He claims that the gift to the children is contingent, with vesting postponed until the death of the testator's widow. This has no element of a gift by implication, and there is no occasion for discussing the doctrine that where there is a substitutionary gift, persons other than those designated cannot take.

As to the intention of the testator, a significant fact is that the concluding words of the fourth paragraph: "had he or she survived and attained a vested interest," are unlike the concluding words of the fifth paragraph, "had he or she survived me." As the trial court aptly remarked: "It should be noticed that the language above quoted (from the fourth paragraph) was omitted from the language of the residuary clause, which is another evidence that the testator intended

to place this particular trust property in a different category." A further indication of the intention of the testator to postpone vesting is that the cases above-mentioned had been decided prior to the execution of the will in this case. Presumably the scrivener and the testator had the benefit of the holdings in those cases in preparing the will in controversy. The will bears evidence of having been drawn by a skilled lawyer. It is fair to assume the terms employed were so used in their accepted meaning as long settled by the courts. There is nothing to indicate, or from which we could conjecture, that the testator did not understand and intend to use them in that sense.

The Supreme Court of this State has repeatedly held that under analogous provisions in a will the interests were not vested at the death of the testator. In *People v. Byrd, supra,* the will provided: "and if either of my said children, Anne, Lucy, William, or Francis die leaving issue, either before me or before my said wife, then the issue of the child so dying shall take the share which his, her or their parent would have taken if living at her death." In *Spengler v. Kuhn,* 212 Ill. 186, the provision was: "Upon the remarriage or death of my said wife, the trust estate hereby created shall at once cease, and the trust property shall thereupon go to and the title to the real estate become vested in my children. . . ." In *Cummings v. Hamilton,* 220 Ill. 480, the seventh paragraph of the will provided: "In case of the death of either Thomas H. Cummings, Sarah C. Van Horne or Harry C. Cummings (prior to the death of my husband or prior to my decease) leaving a child or children, then in that case such child or children, or the descendants of such child or children, shall inherit the share of the real estate which would have vested in their parents under the sixth and last provision above made." In each of those cases the court found the language of the will clearly indicated the testator's intention that the

legatee or devisee was to survive the owner of the intervening interest. In the *Cummings* case, the court said: "We regard the expression, 'which would have vested in their parents,' as significant. The evident meaning thereof is, that the children (or their descendants) shall take the share of the real estate which would have vested in the parent (Harry C. Cummings) had the parent survived the life tenant, and plainly indicates the purpose of the testatrix that the real estate was not to vest in the parent unless the parent survived the life tenant." In *Ayars v. Doyle,* 166 Ill. App. 414, there is a similar holding. None of those cases has even been overruled or modified. The language of the wills in the *Byrd* case and the *Cummings* case are practically on all fours with the case at bar. The decisions in those cases are controlling.

Appellee suggests that an application of the rules of construction where the intention of the testator is not clear leads to the same result, and extensively briefs and argues that proposition, but in view of our holding above it is unnecessary to pursue the subject further. Appellant's claims that the trial court erred in failing to construe the fifth paragraph of the will, and in approving and confirming the acts and doings of the trustee up to the time of the hearing, are not argued and must be considered as abandoned.

The decree of the trial court is correct and is affirmed.

*Decree affirmed.*