(No. 31040.—

PEOPLES BANK OF BLOOMINGTON, Admr., *et al.*, Appellees, *vs.* FRANK L. HOFFMAN, Appellant.

*Opinion filed May 19, 1949.*

Gunn, J., dissenting.

464

CHALMER C. TAYLOR, of Bloomington, for appellant.

STONE, STONE & HESS, CHESTER THOMSON, and HOMER ENGLISH, all of Bloomington, and RALPH J. GUTGSELL, of Chicago, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of McLean County, a freehold being involved. A construction of the last will and testament of Jesse E. Hoffman, deceased, is in issue. He was a former probate judge of McLean County and died on April 10, 1948. His only heirs-at-law are his brother, Frank Hoffman, the appellant, two nieces, the children of a predeceased brother, and two nephews, the children of a predeceased sister.

Before his death Judge Hoffman executed a short will in which he made provision for Myrle R. DeWeese, the youngest sister of his deceased wife. By his will he provided that Myrle R. DeWeese should receive the same percentage of his property as each of his four nieces and nephews. No provision was made in the will for anyone else, and no disposition was made of the balance of his property.

The Peoples Bank of Bloomington, administrator with the will annexed, applied to the circuit court for a declaratory judgment fixing the rights and interests of the persons participating in the estate of Jesse E. Hoffman. Myrle R. DeWeese and all of the heirs-at-law of Jesse E. Hoffman were made parties defendant. A decree was entered finding that it was the intention of the testator to devise to Myrle R. DeWeese a share equal to that which the respective four nieces and nephews receive; that it was the intention of the testator that the share given to Myrle R.

DeWeese was to be equitably charged against the shares of all his heirs-at-law; that the four nieces and nephews, and Myrle R. DeWeese, were each entitled to a one-seventh interest, and the surviving brother a two-sevenths interest, in the testator's property. To raise a portion for Myrle R. DeWeese, equal to that of each of the four nieces and nephews, the one-third interest the surviving brother of the testator would have received under the Statute of Descent was reduced one twenty-first, while the one-sixth interest each of the four nieces and nephews would have so received was reduced one forty-second. Frank L. Hoffman, the testator's surviving brother, has perfected an appeal to this court.

Appellant contends that it was the testator's intention that he should have a one-third interest in all of the testator's property, and that the share given to Myrle R. DeWeese should have been taken from the two-thirds interest of the nieces and nephews. To sustain this contention appellant insists that the will is uncertain and ambiguous and that the court should have admitted in evidence declarations of the testator to the effect that he intended appellant to have one third of his property. He also contends that a proper construction of the will would likewise vest in him a one-third interest in the estate. The will was composed of two paragraphs which are as follows:

"Whereas, my wife has died suddenly and I recognize the possibility of my own death suddenly before I have thought out the details of a Will that I am planning to make, so this·writing is to be my last will and testament so far as it disposes of any of my property, until I execute a more complete will.

"I have four nephews and nieces and I want my sister-in-law, the youngest sister of my wife, named Myrle R. DeWeese of Bloomington, Illinois, to have the same percentage of my property as each one of said nephews and nieces have, if, by any chance I should die without making a further will and my property goes down by descent."

From a reading of the will it is clear that the testator had but one thought in mind when he executed his will.

His sole purpose was to provide for the youngest sister of his deceased wife. It is equally clear that until he made a further will he intended the balance of his property to be regarded as intestate property. After providing that Myrle R. DeWeese should have a definite, ascertainable interest in his property, the balance thereof was not given to any one. The statute provides that real and personal estate of a testator that is not devised or bequeathed by his will descends and shall be distributed as intestate property. (Ill. Rev. Stat. 1947, chap. 3, par. 203.) Where a testator has failed to dispose of all of his property but leaves a portion to descend as intestate estate, courts have no power to place upon the will a construction not justified by the language used, and such portion descends to the heirs as intestate property. *Wixon* v. *Watson,* 214 Ill. 158; *Magnuson* v. *Magnuson,* 197 Ill. 496; *Minkler* v. *Simons,* 172 Ill. 323.

In construing a will the intention of the testator must be ascertained. The intention must be obtained, if possible, from the words of the will itself, the purpose being to arrive at the intention as expressed by its language, and not an intention which may have existed in the testator's mind apart from such language. *Appleton* v. *Rea,* 389 Ill. 222; *Norton* v. *Jordan,* 360 Ill. 419; *Bingel* v. *Volz,* 142 Ill. 214.

As before stated, Myrle R. DeWeese is the only one provided for in the will. We are asked to determine how much the testator intended her to take and from whose share he intended it to be taken. In arriving at his intention we must place ourselves in his position. We find from the will that his wife had died suddenly and he realized and feared that he might go the same way. He had in mind the making of a will disposing of all of his property, but had not thought out the details thereof. By reason of his education and training he knew that without a will his property would descend to his heirs and next of

kin according to statute. He knew that the youngest sister of his wife would take nothing under the statute. The purpose of his will was to provide for her and her only. He made provision for her by saying "I have four nephews and nieces and I want my sister-in-law * * * to have the same percentage of my property as each one of said nephews and nieces have, if, * * * my property goes down by descent."

His will mentions no class of relatives other than nephews and nieces. In construing it we need not consider that he had other relatives, although the record shows that he had a brother living at the time of his death. He had in mind the statute of descent and what his nephews and nieces would take thereunder. The percentage for the sister-in-law was not fixed by reference to the whole estate but by reference only to the portion the nephews and nieces would take. It seems clear to us that he intended the class of nephews and nieces to open up and let his sister-in-law in to share equally with them the portion they would take under the statute. In other words, what they would take under the law of descent was to be divided into five parts instead of only four parts. Under no rule of construction can we hold that the testator intended to enlarge the portion the nephews and nieces would take under the law of descent before making division of that portion. If we reach out beyond the portion the statute provides for them and take something from some other class, it has the effect of enlarging their portion to that extent, and we can find nothing in the will warranting such construction. We are aided in our position by the rule which favors that construction of a will which conforms most nearly to the general law of inheritance. See *Dahmer* v. *Wensler,* 350 Ill. 23; 57 Am. Jur. sec. 1125, p. 719.

It is clear the testator here intended that his property should go in accordance with the laws of descent and distribution except as changed by the provisions of his will

in favor of Myrle R. DeWeese. The rule favors those nearest in relation to the testator over persons not so closely related to him. *(Boys v. Boys,* 328 Ill. 47; *Desmarteau v. Fortin,* 326 Ill. 608; *Dollander v. Dhaemers,* 297 Ill. 274.) To construe this will as requiring a class not mentioned therein to take less than the statute of descent provides for it, where, as in this case, that statute applies, would be to read something into the will which is not there expressly or by implication. This we are not permitted to do.

We are satisfied the testator intended that the portion of his estate for the class of nephews and nieces was to be that fixed by the statute of descent and that Myrle R. DeWeese was to have the same percentage of that portion as each nephew and niece would receive. This would give the four nephews and nieces and Myrle R. DeWeese each two-fifteenths of the estate leaving appellant's one-third, or five-fifteenths, interest undisturbed. It will not be necessary to discuss any of the other points raised. It follows that the decree of the circuit court is wrong and it is reversed and the cause remanded with directions to enter a decree in accordance with our views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE GUNN, dissenting:

I cannot agree with the majority opinion. The will involved named only one beneficiary, *viz.,* the sister-in-law. The amount devised to her was to be the same as that of a niece or nephew. This amount was measured by the number of those existing at the present, as death among them might render the amount uncertain, when the will became effective. The amount each of all his nieces and nephews would receive was the same, *viz.,* a $\frac{1}{6}$ part. His intention therefore was to give the sister-in-law $\frac{1}{6}$ of the estate, leaving $\frac{5}{6}$ intestate, which would devolve according to the law of descent, which would give each niece or

nephew $\frac{1}{6}$ of $\frac{5}{6}$ of the estate and the brother $\frac{1}{3}$ of $\frac{5}{6}$ of the estate. In my opinion, there is nothing in this will that reduces the devise to the sister-in-law from $\frac{1}{6}$ to $\frac{2}{15}$ or that charges the share of the nieces and nephews with all the devise to the sister-in-law. To my mind, there is a simple devise of $\frac{1}{6}$ of the estate leaving the $\frac{5}{6}$ balance to descend as intestate property.