(No. 32211.—

WALTER SCOTT DALTON, *vs.* HAZEL DALTON EASH *et al.*, Appellants.—(HARRY SHAW *et al.*, Appellees.)

*Opinion filed January 24, 1952.*

McLAUGHLIN LAW OFFICES, and RODNEY A. SCOTT, both of Sullivan, for appellants.

WHITE & INGRAM, of Sullivan, PHILIP L. TURNER, and JOHN J. BAKER, both of Shelbyville, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

One of the beneficiaries under the residuary clause of the will of Thomas Dalton, deceased, filed a complaint in the circuit court of Moultrie County praying for a construction of the will and partition of certain real estate. The defendants include the remaining residuary beneficiaries, who requested the same construction as plaintiff, and persons who claim an interest in the premises through testator's heirs. A decree was entered construing the will

·in accordance with the prayer of the last-named group of defendants and partition was ordered accordingly. Plaintiff and the defendant beneficiaries appeal to this court, a freehold being involved.

The facts are not in issue. In 1881, Thomas Dalton conveyed the real estate in question to his daughter Martha for life with remainder to her children living at her death, and in case she should have no children living at her death then to her brothers and sisters then living. In 1904, Thomas Dalton died testate leaving his five children surviving. His daughter Martha outlived all her brothers and sisters, and died in 1950 leaving no children surviving her. It is not disputed that the conveyance of 1881 left a reversion in Thomas Dalton, and that on Martha's death without children or brothers or sisters it became a fee-simple title. The sole question presented is whether the reversion retained by the testator was disposed of by the residuary clause of his will or passed to his heirs as intestate property. The circuit court held that the residuary clause was not sufficiently broad·to include the reversion and that it, therefore, passed to the heirs under the laws of descent.

The relevant provision of the will is entitled "Article Five" and provides as follows: "All my real and personal property not heretofore specified, that I should be seized of at the time of my death the proceeds of same I give devise and bequeath unto my Trustees hereinafter named and to their successors in Trust to be held by them in Trust for my son, Walter Scott Dalton, interest and proceeds of same to be paid annually to the said Walter Scott Dalton during his life, and after his death the same shall be paid to his four children 'namely' Thomas Dalton 'Hazel Dalton' Walter Scott Dalton Jr. and Dorathy Dalton to be divided equally among said four children." The beneficiary referred to in the will as Walter Scott Dalton Jr. is the plaintiff-appellant herein. In support of the decree below appellees point to the qualifying phrase, "that I should be seized of

at the time of my death" and urge that as testator was not *seized* of the property at that time, in the technical sense of the term, the residuary clause failed to pass the reversion in question. The position cannot be supported. It is true that, strictly speaking, one is not seized of an estate unless he has the right to immediate possession in the land, and that, in this sense, there can be no seisin of a reversionary interest. However, it is clear from an inspection of article five that the testator did not intend to so use the word "seized" therein, for he employs it to refer not only to real estate but to personal property as well. The word "seized," in its technical sense, is not generally applicable to personal property but pertains only to real estate. If the contention of appellee were sustained, the clause would be ineffective to dispose of any personal property despite the obvious intention to include it. We think testator used the word "seized" in its more popular sense, to mean the equivalent of "owned."

Appellees further insist that the words "the proceeds of same," in the devise to trustees, limits the property thus transferred; that the reversion cannot be included because, on the death of the testator, the life estate created by the deed was still outstanding, and there were no proceeds from the reversion itself; and that the word "paid," as used in the gift to the children of Walter Scott Dalton on the latter's death, is inappropriate to describe a transfer or distribution of real estate. We cannot agree with the contentions. A devise of all of the proceeds and income from real estate is a devise of the real estate itself, (see *Mettler* v. *Warner*, 243 Ill. 600, 610, 611,) and the word "paid" was obviously used not to describe or limit the subject matter but merely to indicate a transfer or distribution. The intention must be gathered from the language of article five read as a whole and in connection with the rest of the will, not by extracting therefrom certain words without regard to their context or use in relation to the balance

of the provisions. When this is done it is apparent the testator intended that all the rest or residue of his property should be held for the benefit of the son Walter Scott Dalton, during the latter's lifetime and then distributed to his named children. The fact that the word "proceeds" is used in describing the gift to trustees, or that the word "paid" is employed in directing the transfer to the four children, is not decisive. A technical construction of words or phrases will not be carried to the extent of defeating the obvious general intention of the testator, and this intention will be given effect even though the language may not be clear or technically correct. *Papa* v. *Papa*, 377 Ill. 316.

In the present case the testator may have thought that he had made a complete disposition of the property by deed. But even if he did not know he had retained a reversion in the property the residuary clause would include it. The presumption is that a testator intends the residuary clause to include that portion of his estate not otherwise devised or disposed of, and it should be so construed as to prevent intestacy as to any part of the testator's estate unless there is an apparent intention that the property should be excluded from the will. (*Gridley* v. *Gridley*, 399 Ill. 215.) As we have indicated, no intention to exclude the reversion is apparent from the provisions of the present will. The testator's disposition of the residue of his estate, under the provisions of article five, was sufficiently broad to carry with it the reversion in the real estate in question.

It follows from what we have said that the decree of the circuit court of Moultrie County is erroneous. It is, therefore, reversed, and the cause remanded with directions to enter a decree for partition in accordance with the views herein expressed.

*Reversed and remanded, with directions.*