(No. 36641.—

RUSSELL HORTON, Appellant, *vs.* DRUCILLA FERRIS *et al.,* Appellees.

*Opinion filed January 23, 1962.*

LIDSCHIN & PUCIN, of Waukegan, for appellant.

HALL, MEYER, VAN DUESEN, HOLMBERG & SNOOK, and SNYDER, CLARKE, DALZIEL, HOLMQUIST & JOHNSON, both of Waukegan, (ALBERT L. HALL, JR., and LEWIS D. CLARKE, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Russell Horton brought suit in the circuit court of Lake County for partition of certain real estate. Motions were made for judgment on the pleadings, and a decree was entered finding the interests of the parties as alleged by the defendants. Plaintiff appeals.

The correctness of the decree depends upon a construction of the will of Mae L. Labdon, who died in 1928. She was survived by her husband and two sisters. By the fourth clause of her will she left the residue of her estate to her husband for life. The next clause provides that after his death the residence and its furnishings should go to a named nephew. Then follow three more clauses, by which money bequests are made. The ninth clause, in question here, states that "After the above bequests have been made, any

property then remaining I bequeath to my sisters Drucilla Ferris and Isabelle E. Horton if liveing, And if not liveing then their heirs, share and share alike." The life tenant died in 1958. One of the sisters, Isabelle E. Horton, had died prior thereto leaving a will in which her son Russell Horton, the plaintiff herein, was named residuary beneficiary. The question is whether the words "if liveing" refer to the date of the testatrix's death or to the date of the life tenant's death. The plaintiff insists that the words contemplate merely survival of the testatrix, and that since his mother, Isabelle E. Horton, in fact survived the testatrix she acquired an indefeasible interest which she could and did pass to him by will. The defendants, including the other children of Isabelle E. Horton, contend that the words refer to her living at the date of the life tenant's death, and that since she failed to survive him the share which she would have taken if living goes instead to her heirs under the provisions of the Labdon will.

We think that the date contemplated by the testatrix was that of the life tenant's death, rather than her own, and that the circuit court did not err in determining the interests of the parties accordingly. The intention manifested in a will is determined in two ways: (1) by ascertaining the actual meaning from the words used, to which all rules of construction give way, and (2) by finding the presumed intention from the application of rules of construction governing all cases in which the meaning is obscure, doubtful or uncertain. (*Smith* v. *Shepard,* 370 Ill. 491.) The presumed intention as fixed by rules is used, however, only where the actual intent cannot be ascertained, and if the intention of an instrument may be gathered from its language without reference to rules of construction there is no occasion to use the latter. (*Harris Trust & Savings Bank* v. *Jackson,* 412 Ill. 261; *Storkan* v. *Ziska,* 406 Ill. 259.) This, we think, is the case here.

A reading of the will as a whole discloses with sufficient clarity an intention that testatrix's surviving husband should have the use of substantially all of the property for his lifetime; and that at his death certain specific distributions were to be made and the remainder divided between the two sisters, with the substitutionary gift to heirs to take effect if either was not living at that time. Thus, the first three clauses provide for cemetery care, a monument and a nephew's education, respectively. The fourth says "After the above bequests have been made, the income from all the remainder of my estate both real estate and personal property shall go to my Husband Joseph W. Labdon during his life time." The fifth clause states that "After the death of My Husband Joseph W. Labdon," the residence, an automobile and the household furnishings go to the named nephew. By the sixth, seventh and eighth clauses general legacies are given to certain charities and named individuals. The ninth provides, as hereinbefore indicated, that "After the above bequests have been made any property then remaining I bequeath to my sisters Drucilla Ferris and Isabelle E. Horton if liveing, And if not liveing then their heirs, share and share alike."

While the provision is inartfully drawn the meaning is evident that a sister is to take only if she survives the life tenant, and that if she fails to do so her heirs are to take the share which she would have received if living. The testatrix made it clear that her husband was to have the income for life from all of her property except that disposed of by the first three clauses, and that it was only after his death that the other distributions were to be made, including the gift of the remainder to her two sisters if living. The language "any property *then* remaining" obviously refers to property left after distribution of the general legacies upon termination of the life estate, and the phrases "if liveing" and "if not liveing" can logically

have reference only to such time, *i.e.,* the time when the disposition of the property included in the gift is to be determined.

In *Harris Trust & Savings Bank* v. *Jackson,* 412 Ill. 261, a testator created a trust for the benefit of his widow and brother during their lifetimes, and provided that upon the death of the survivor the principal and accumulated income be transferred "to my nephew, Arthur S. Jackson, or if he be dead, then to his lawful heirs." All three survived the testator but the nephew predeceased the life tenants. In holding that the quoted language referred to the time of the life tenant's death, rather than that of the testator's death, this court reviewed the applicable authorities and concluded that "unless a contrary intent appears from the language of the will, in cases where the gifts are substitutionary, 'death' is referable to that point of time when the first gift takes effect in possession, and the first taker must survive to that time." The case at bar is not distinguishable in any relevant respect from the *Jackson* case, and a similar result must follow here. When the testatrix referred to survivorship she had in mind the time when the gifts to her sisters would take effect in possession. Nowhere in the will is there any intimation of a contrary intention, and since the first taker, Isabell E. Horton, did not survive to that time she took nothing which she could dispose of by will.

Plaintiff contends that the word "heirs" was used in its technical sense, rather than as a word of purchase, and that when the sisters survived the testatrix they therefore took title in fee simple. We cannot accept the argument. In her use of the phrases "if liveing" and "if not liveing," in the arrangement or sequence of her gifts, and in the position and wording of the clause in question here, the testatrix has indicated an intention to make substitutionary gifts, depending upon the situation as it would exist at termination of the life estate. We have fully considered the authorities

and arguments urged by the plaintiff but find them to be inapplicable to the question presented by this will. No error has been shown in the decree of the circuit court, and it will therefore be affirmed. *Decree affirmed.*