FIRST NATIONAL BANK OF CHICAGO, as Trustee under the Will of Edith Wilmot, Plaintiff-Appellee, *v.* MARILYN M. WILMOT *et al.*, Defendants-Appellants.

(No. 55223;

First District—December 15, 1971.

*Rehearing denied January 13, 1972.*

Norman Crawford, of Chicago, for appellants.

Richard P. Fredo, Roger J. Boylan, Vedder, Price, Kaufman & Kammholz, and Price Cushman, Keck & Mahin, all of Chicago, (John H. Thomason, Frederick E. Breen, A. Carter Howard, Jr. and Dennis M. Wilson, of counsel,) for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal by Marilyn M. Wilmot from a decree entered in the Circuit Court of Cook County.

The First National Bank of Chicago, as trustee under the Last Will and Testament of Edith Wilmot, sought instructions from the Circuit Court of Cook County as to what payments should be made by it as trustee. Named as defendants in said action were Marilyn M. Wilmot, the decedent's daughter; Charles Schumann and his unknown heirs; Julia Schumann and her unknown heirs; Charles H. Schumann, III, a minor; Austin Methodist Church; Methodist Old Peoples Home; Liver Research Foundation of the University of Illinois Research Hospital; Unknown heirs or devisees of Edith Wilmot, deceased, and Unknown Owners.

The decedent was a widow, and Marilyn M. Wilmot, her child by adoption is her sole heir at law. The will provided for three legacies totaling $700 to the Methodist Church of Austin, the Billy Graham Evangelist Church, and the Lake Bluff Methodist Orphanage. It then provided in part:

"I give, devise, and bequeath all the rest, residue and remainder of my estate, * * * as follows: referred to as the Trust Estate, to the First National Bank of Chicago, Chicago, Illinois, * * * for the uses and purposes hereinafter expressed, as follows:

A. The Trustee shall have the power to enter into, take possession of, sell, lease, convey, manage, invest at its sole discretion, in like manner and with full power, * * * and to hold, use, dispose of and distribute the income and the principal of the Trust Estate as hereinafter provided.

* * *

C. The Testator shall pay for taking perpetual care of the graves of the Testator and her beloved husband, Frederick William Wilmot, and also for placing flowers on the graves for memorial day and mother's day, and winter evergreens over the graves.

D. I direct the Trustee to collect the income derived from this Trust

Estate and from such income, the Trustee shall pay all the necessary costs and expenses of this Trust."

Part E provided for certain payments out of the trust estate: $125 per month to her daughter Marilyn, along with $500 on her 43rd birthday, $500 as a wedding gift if she married, and $250 maximum per year for the payment of her medical expenses at the discretion of the trustee. In part F, the testatrix provided that when the trust terminated at the death of her daughter, twenty per cent shares were to be paid to the Austin Methodist Church; the Methodist Old Peoples Home, Foster Avenue and Glenwood Avenue in Chicago; the Liver Research Foundation of the University of Illinois Research Hospital, Chicago, Illinois; Charles and Julia Schumann and their heirs; and the child or children of Marilyn. If Marilyn had no child or children at the termination of the trust, then the trust estate should be divided twenty-five per cent to each of the above.

The defendant, Marilyn, is the sole appellant. She contends the will failed to provide for the disposition of the trust income above costs and expenses and the excess income should be declared to be intestate property and paid to her as the heir at law. Secondly, she contends the disposition to "Charles Schumann and Julia Ann Schumann and their heirs" created a fee simple in common rather than a joint tenancy with right of survivorship. Thirdly, she argues the court erred in decreeing that a provision in the will for the perpetual care of the graves of the testator and her husband meant the trustee should pay for the care of the graves only during the term of the trust.

The defendant's argument regarding the excess trust income is the testatrix did not specifically provide for its disposition in her will. Since there was no specific language, she contends there was an omission which results in partial intestacy. She relies on *Murphy v. The Northern Trust Co.* (1959), 17 Ill.2d 518. In that case the will provided for the accumulation of income until the death of the testator's widow. The widow survived for more than twenty-one years. Under the Illinois Thellusson Act which was then in force, the accumulations after twenty-one years were invalid. Because of the operation of law, the income was declared to pass by intestate succession. The defendant contends the case at bar is similar in that there was an omission in the decedent's will regarding the excess trust income, and the court cannot use a presumption against intestacy to cure a situation which was overlooked by the testatrix. In *Foss v. State Bank & Trust Co.* (1931), 343 Ill. 94, the court stated:

"While it is true that the presumption is always against intestacy, either in whole or in part, where a party has attempted to dispose of property by will, this is only a presumption, and does not warrant this

court, under the guise of construing a will, to add provisions which are offered in place of those omitted. Such presumptions cannot be indulged in either to overcome express language in a will [citation], or to supply an omission made by oversight, where no language is used to show an intention on the part of testator to dispose of the property. (Citations.) If a testator has overlooked a condition which he would perhaps have provided for if it had occurred to him, the court cannot guess at what provision he would probably have made and by construction read it into his will on the presumption that he would naturally have made such a provision if he had thought of it."

The defendant further contends it was the testatrix' intention to pay her out of the corpus of the trust alone without the accumulation of income. As evidence she points out the testatrix referred to the assets to be delivered to the trustee as the "Trust Estate" and also used the same phrase to define the fund out of which she was to receive her monthly income. She argues the same words should not be construed to mean two different things unless a contrary intention appears from the contest which is "clear and beyond question." *Abrahams v. Sanders* (1906), 274 Ill. 452.

The defendant also invokes Section 161(3) of the Illinois Principal and Income Act (Ill. Rev. Stat., 1969, ch. 30). This section provides:

"All income after payment of expenses properly chargeable to it shall be paid and delivered to the tenant or retained by him if already in his possession or held for accumulation where legally so directed by the terms of the transaction by which the principal was established; while the principal shall be held for ultimate distribution as determined by the terms of the transaction by which it was established or by law."

She maintains there was no express language in the will directing the accumulation of income; therefore, under the statute, it cannot be accumulated and added to the corpus.

Finally, it is suggested there is a presumption in favor of the heir where there is an ambiguity in the will. *Cahill v. Cahill* (1949), 402 Ill. 416.

■■ We cannot agree with the defendant's theory in this case. It is a fundamental rule that in construing a will, the court must give effect to the testator's intention by considering the language of the entire will. (*Golstein v. Handley* (1945), 390 Ill. 118.) It is also clear there need not be an express provision setting forth every intention of the testator. *First National Bank of Chicago v. Piaget* (1954), 2 Ill.App.2d 207. In *Caracci v. Lillard* (1955), 7 Ill.2d 382, the court said:

"The intention of the testatrix must be sought in the general tenor of

the instrument; and the scheme of disposition so disclosed must control, even though it involves the rejection of words in the will which are irreconcilable or inconsistent with the general context."

■■■ There is also a strong presumption a testator intends by his will to dispose of all of his property and any reasonable construction, consistent with the terms of the instrument, should be adopted so as to find a disposition of the entire estate rather than an intention to die testate as to one portion of property and intestate as to another. (*Caracci v. Lillard,* 7 Ill.2d 382; *Wise v. First National Bank in Greenville* (1957), 10 Ill.2d 623.) This presumption is strengthened where the will contains a residuary clause, because there is another presumption the testator intended the designated beneficiaries to take rather than unspecified heirs.

In order to determine the intention of the testator the language in the will itself must be considered. In paragraph 5 the testatrix refers to the corpus of the trust as the "Trust Estate," but in paragraph 5(A), she gives the trustee the power to "hold, use, dispose of and distribute the income and the principal of the Trust Estate as hereinafter provided." In 5(D), the trustee is authorized to collect the income of the trust estate and pay the costs and expenses. Then in 5(F), the "rest, residue and remainder" is to be paid out in specified amounts to certain remaindermen.

■■ From the language and general distributive scheme, it can be determined that it was the intention of the testatrix to accumulate whatever income was not consumed in expenses. It is clear from the designation of certain charities and individuals to be the remaindermen, that the decedent wanted her daughter to have only certain payments which were to be limited but not contingent on the production of sufficient income to pay the specified amounts. To hold otherwise would be to award the daughter a windfall and reduce the amount going to the remaindermen, the designated objects of the decedent's bounty.

A construction which allows the accumulation of income gives full effect to the general distributive scheme contained in the will, does not render any language redundant or meaningless, and conforms to the presumption against intestacy.

In the case of *In re Estate of Hartt* (1967), 88 Ill.App.2d 146, the court found the testator contemplated the use of income and principal as a common fund, and held the testator intended the undistributed income should be accumulated and not distributed as intestate property. The court quoted with favor the language of *Hartford National Bank & Trust Co. v. Yearly Meeting* (1951), 137 Conn. 648, 81 A.2d 104, as follows:

" 'Where a testator establishes a fund, the income from which is to be used for certain purposes, but that income is in excess of the amount required for those purposes, the question whether the excess shall accumulate and be added to the principal or shall be otherwise disposed of depends primarily upon the intent of the testator.' (Citation.) * * * [H]owever, even though the will contains no expression of an intent that the excess income shall be accumulated, such course must be followed where the disposition of the excess as it accrues would be contrary to the scheme of the testator as disclosed in the will. Accordingly, the absence of an accumulation provision is only one of several indications of the testator's intention and in view of the character and contents of the will, may be one by no means as significant as those of a contrary import. (Citation.) In short, a will may be effective to require the accumulation of excess income either by reason of its express terms or by implication from its general scheme of disposition."

The authorities cited by the defendant are not applicable to the facts of the present case. In *Murphy v. The Northern Trust Co.*, 17 Ill.2d 518, the will failed to dispose of the income of the trust after twenty-one years because of the operation of a statute. The court clearly distinguished a case involving the operation of a statute from one where language in a will is construed:

"The presumption against intestacy, which is sometimes useful in determining the meaning of a will, is of no assistance here, because the gap in the testamentary disposition in this case is caused by the operation of the statute and not by any language in the will."

In the present case the testatrix did not fail to dispose of some property because she failed to foresee some event and did not provide for it. She merely failed to state her intentions in unequivocal language. The court is not required to speculate as to how she might have distributed the property, but need only construe the language already in the will to determine how she did distribute it. The presumption favoring the heir only operates when the intention of the testator cannot be determined.

■■ Defendant's reliance on Section 161(3) is misplaced. In *In re Estate of Hartt*, 88 Ill.App.2d 146, the same contention was advanced that Section 161(3) required an express direction to accumulate income, but the court ruled that although the testator did not specifically direct the accumulation of undistributed income, the intention to do so was apparent from the language of the trust and the general scheme of distribution.

■■ Defendant's second point regarding the disposition to Charles and Julia Schumann and their heirs will not be considered, because that

distribution does not prejudice her interests, and an appellant may only assign as error those rulings which are prejudicial to him. *Gordon v. Gordon* (1955), 6 Ill.2d 572.

Finally, we find the construction of the trial court regarding the care of the graves was correct. The court found the decedent meant the trustee and not the testator to take care of the graves. Secondly, it found the trustee was to take care of the graves only so long as the trust was in existence rather than in perpetuity. Any other construction would have rendered that section void because of restraining the alienation of the property of the testator for too long a time. *Hampton v. Dill* (1933), 354 Ill. 415.

For these reasons, the decision of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.