**Sadie Connors Hart, Plaintiff-Appellee, v. Patrick Connors, et al., Defendants-Appellants.**

Gen. No. 51,521.

First District, First Division.

June 26, 1967.

Rothbart, Stein & Moran, of Chicago (Edward Roth-bart, Joseph Stein, Thomas E. Moran and Raymond Kuby, of counsel), for appellants.

George R. Lange, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This action was brought by plaintiff, Sadie Connors Hart, to construe her husband's will which contained the power to encroach upon the corpus of a trust if required for the plaintiff's support or maintenance in accordance with her standard of living. The matter was referred to a Master who found that plaintiff was entitled to encroach upon the corpus of the trust for approximately $3,000 a year with such difference yearly as might be required as a result of a change in her income. The Chancellor by decree confirmed the findings of fact and conclusions of law made by the Master and the defendants, who are residual beneficiaries, appeal.

William J. Connors died testate on June 24, 1961, and in Section five of his Last Will and Testament he established a testamentary trust, appointing his widow, the plaintiff, trustee and further provided that:

> (a) Said trustee shall pay at convenient intervals all dividends and income accruing therefrom to herself, for her own use and benefit.
>
> . . . . . .
>
> (c) My said wife may use all or any part of the corpus of the trust if required for her support or maintenance in accordance with her present standard of living.

The plaintiff declined to act as trustee and the LaSalle National Bank was appointed successor trustee by court order.

51

The defendants contend that the manifest intention of the testator limited plaintiff's power of encroachment for her support to only if required to maintain her then customary standard of living, and, that the evidence failed to establish by any competent evidence any right to encroach upon the trust's corpus.

The Master found from the pleadings, exhibits and extensive evidence which included testimony by plaintiff who was 75 and eleven other witnesses, as follows:

The plaintiff and William J. Connors were married on June 30, 1911, and lived together until his death on June 24, 1961; the plaintiff was remarried on August 20, 1961, to Harry Hart; that the will did not specifically define the amount required by the plaintiff for her support and maintenance in accordance with her standard of living on April 30, 1959, (the date of the will) nor did it state that the amount required was left to the absolute determination of the plaintiff; that the stocks received as stock dividends are a part of the corpus of the trust and shall be retained by the trustee; that Sadie Connors Hart requires for her support and maintenance in accordance with her standard of living on April 30, 1959, the sum of $15,000 per year; that from this amount should be deducted the sum of $9,474.27 received by petitioner each year from the trust and $2,400 received each year as a pension from the State of Illinois and that in addition to this income the plaintiff was entitled to the sum of $3,125.73 per year from June 24, 1961, the date of her husband's death.

The Chancellor adopted the Master's findings and decreed that the plaintiff required a gross income of $15,000 per year; that she was entitled to encroach upon the corpus of the trust for that amount less the total of the following: (a) income from the trust; (b) State of Illinois pension; and (c) income from all other sources owned or controlled by the plaintiff. The Chancellor al-

52

so ordered the successor trustee, LaSalle National Bank, to pay to the petitioner the sum of $12,187.35 from the corpus of the trust estate which reflected the amounts that the petitioner was entitled to encroach from the trust estate for the years 1961 through 1965 and the defendants appeal.

Counsel for defendants informs us that the leading case containing a power of encroachment based upon the beneficiaries' requirements is In re Martin's Will, 269 NY 305, 199 NE 491. There the trustee of a trust fund was directed under the will to pay the beneficiary in addition to the net income "such part of the principal thereof as she may require for her care, support and comfort, during her natural life." The court held that an invasion of the principal was dependent upon the needs or requirements of the beneficiary and since the will was silent as to who shall determine the amount necessary it presented a pure question of fact to be determined in a judicial proceeding. Relying on this case the defendants maintain that plaintiff must first exhaust her own resources or assets before the trustee is authorized to encroach upon the trust corpus. An examination of other cases cited by defendants for this proposition show that they involved use of income from and not the resources or assets of the beneficiaries.

As pointed out by the defendants, we recognize at the outset that testamentary dispositions vary in wording and the circumstances of the parties. Glaser v. Chicago Title & Trust Co., 393 Ill 447, 66 NE2d 410. The cardinal rule in the construction of wills is to ascertain the intention of the testator from a consideration of the whole will and to give effect to that intention. Hartwick v. Heberling, 364 Ill 523, 4 NE2d 965. In the instant case the testator who had served for many years as a State Senator in the Illinois Legislature expressed a clear intention that his widow may use all or any part

of the corpus of his trust if required for her support or maintenance in accordance with her present standard of living. Nothing is said by the testator that she must first exhaust her own resources and we are not persuaded that she must do so. The testator had in mind the income from his estate and the bequests to his wife and was still uncertain that the income from the trust estate would be enough to maintain her present standard of living, as he clearly intended that it should, so he specially provided that his widow could use all or any part of the trust for that purpose. It is apparent that the testator was concerned primarily with his wife's comfort and any residue to others was secondary.

The defendants maintain that they affirmatively established that plaintiff's standard of living in 1959 required a maximum annual expenditure of under $10,000 and not the gross annual income of $15,000 as determined by the Master. For this purpose the defendants attached to their brief a series of charts which they say show the annual expenditures of the deceased, the private resources of the plaintiff and the plaintiff's annual income. Noticeably absent is the testimony of the plaintiff that her husband gave her a cash allowance of $1,000 monthly to spend on herself or to do with as she saw fit.

Our examination of the record and the charts referred to above lead us to conclude that the Chancellor's finding that the plaintiff's standard of living is equivalent to an income of $15,000 is well within the range of the pertinent testimony. We see no useful purpose in prolonging this opinion by discussing in detail the extended evidence of the 1959 standard of living by plaintiff or to refer to other arguments of the defendants. We cannot say, as we must to reverse, that the decretal find-

ings of fact are wholly unwarranted from the manifest weight of the evidence.

The judgment of the Chancellor is therefore affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.