ARLEIGH R. STEIN, Indiv. and as Successor Co-Trustee, *et al.*, Plaintiffs-Appellees, v. RANDILYN L. SCOTT, Defendant-Appellant (Lindeigh C. Stein *et al.*, Defendants-Appellees).

First District (4th Division)   No. 1—92—0992

Opinion filed August 19, 1993.

Malcolm W. Burnett, Jr., of Northbrook, for appellant.

Cowan & Minetz, Chartered, of Chicago (Sarah S. Hersen, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

Plaintiffs, Arleigh Stein and NBD Trust Company of Illinois, as co-trustees, brought a declaratory judgment action to construe certain provisions of a trust of which defendant, Randilyn Scott, was beneficiary, and Stein's children, defendants Lindeigh, Gillian, and Avivah Stein, were residuary beneficiaries. Following cross-motions for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005), the trial court entered summary judgment in favor of plaintiffs. Defendant Scott now appeals from this judgment, contending the trial court erred in granting summary judgment for plaintiffs and in denying a request that her attorney fees from the declaratory judgment action be reimbursed from trust funds.

We affirm.

On December 30, 1988, Iola J. Ralph, the mother of both Stein and Scott, established the Iola J. Ralph Trust (trust) under the terms of the Iola J. Ralph Declaration of Trust. The declaration provided that upon Ralph's death, plaintiffs were to succeed her as co-trustees of her trust. Article IV of the declaration, which governed the distribution of trust funds to Ralph's children, provided in relevant part that upon Ralph's death, the trustees should divide the trust estate into equal shares creating one respective share for each of Ralph's then-living children. The share created for Stein was to be distributed outright to her. The share designated for Scott, who had become physically disabled in 1984 and was confined to a wheelchair, was to be held and disposed of as follows:

"*Randilyn's Share*. During the life of my daughter, Randilyn, the trustee may in the trustee's discretion pay to, or use for the benefit of, Randilyn so much or all of the income and principal of her share as the trustee from time to time deems necessary or advisable for Randilyn's extra and supplemental care, maintenance, support and education in addition to and over and above the benefits Randilyn otherwise receives or may become entitled to as a result of Randilyn's handicap or disability from any local, state, or federal government or from any private agencies, any of which provides services or benefits to handicapped or disabled persons. It is my express purpose that any distributions to or for *** [Scott's benefit] *** from her share be used only to supplement other such benefits received by or available to her. Any excess income shall be added to principal."

The above section further stated that upon Scott's death, the balance of her share should be distributed to her then-living descendants, and if there were none, to Ralph's descendants. Ralph died January 31, 1989, leaving Stein and Scott as her sole surviving heirs. Scott has no living descendants and is incapable of bearing children. Stein has three children, Lindeigh, Gillian, and Avivah, who were made defendants in this action.

In late 1989, Scott submitted to plaintiffs a comprehensive request seeking payment from her share of the trust for amounts she had allegedly expended for her "care, maintenance and support" since Ralph's death. Plaintiffs denied Scott's request on the basis that she was not entitled to such funds under the terms of the trust.

Plaintiffs subsequently filed an action for declaratory relief seeking construction of the trust provisions governing the distribution of Scott's share. Their amended complaint alleged that they were required by the trust, in determining the amount to distribute to Scott, to take into consideration her income and financial resources apart from handicap or disability benefits (hereinafter, other income), and that they may require the expenditure of any or all of these amounts prior to making any payments to her. The trust prohibited any distributions to the extent that they would reduce Scott's receipt of or disqualify her from entitlement to any handicap or disability benefits. Plaintiffs alleged that Scott was divorced and without children and had sufficient income and financial resources apart from her share of the trust to provide for her care and support. In her response to the amended complaint, Scott, in relevant part, denied that Ralph intended that plaintiffs give any consideration to her other income or

that they could require exhaustion of this income prior to giving her a distribution from her share. Scott admitted, however, that plaintiffs were precluded from distributing any funds to her to the extent it would reduce her receipt of disability benefits or disqualify her from entitlement to any such benefits.

The parties then filed cross-motions for summary judgment. In Scott's motion, she argued that the trust language was clear and unambiguous in that it precluded plaintiffs from considering or requiring exhaustion of any of her other assets or income prior to making payment to her from her share of the trust. Plaintiffs' cross-motion argued that construction of the trust was necessary to ascertain the meaning of its silence as to their discretion to consider and require exhaustion of such other income and financial resources.

Both parties thoroughly briefed their positions, and following a hearing, the trial court entered an order denying Scott's motion and granting summary judgment for plaintiffs. The court found that the trust terms governing Scott's share were unambiguous, and that they constituted a broad grant of discretion to plaintiffs allowing them to take into consideration other income and financial resources when determining the amount, if any, to be paid to Scott from the trust.

Scott's attorney subsequently filed a petition requesting that his fees for the declaratory judgment action be reimbursed from Scott's share of the trust. The court denied this petition and entered judgment in favor of plaintiffs on all issues raised by the pleadings. Scott then timely filed the instant appeal.

Scott initially contests the trial court's finding that the trust authorized plaintiffs, in their discretion, to consider and require exhaustion of her other income prior to distributing funds to her. Because this case involves a disposition based upon summary judgment, we employ a *de novo* standard of review. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204.) Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Outboard Marine,* 154 Ill. 2d at 102.

The central purpose of trust construction is to ascertain the settlor's intent from the trust as a whole and to effectuate that intent if not contrary to public policy. (*Harris Trust & Savings Bank v. Donovan* (1991), 145 Ill. 2d 166, 172, 582 N.E.2d 120.) In construing trusts, courts must apply the same rules of construction as apply to wills and other contracts. *Harris Trust,* 145 Ill. 2d at 172; *Northern Trust Co. v. Tarre* (1981), 86 Ill. 2d 441, 450, 427 N.E.2d 1217.

The settlor's intent is to be determined solely by reference to the plain language of the trust itself, and extrinsic evidence may be admitted to aid interpretation only if the document is ambiguous and the settlor's intent cannot be ascertained. (*Larison v. Record* (1987), 117 Ill. 2d 444, 448, 512 N.E.2d 1251; *Tishman Midwest Management Corp. v. Wayne Jarvis, Ltd.* (1986), 146 Ill. App. 3d 684, 689, 500 N.E.2d 431.) Whether a contract is ambiguous is a question of law to be determined by the court, and ambiguity can be found only if the language is reasonably or fairly susceptible to more than one interpretation. (*Tishman*, 146 Ill. App. 3d at 689.) A contract is not ambiguous merely because the parties disagree on its meaning. *In re Estate of Krotz* (1988), 168 Ill. App. 3d 545, 549, 522 N.E.2d 790; *Tishman*, 146 Ill. App. 3d at 689.

■ In the appeal at bar, neither party disputes that the trust terms were unambiguous. However, Scott asserts that the fact that the trust contained no express direction that plaintiffs consider her other income, or that they could require exhaustion of any portion of it, means that plaintiffs are absolutely precluded from doing so.

This argument, however, disregards the plain implication of the trust language. The first sentence of the provision for Scott's share states that "the trustee *may in the trustee's discretion* pay to, or use for the benefit of, [Scott] so much or all of the income and principal of her share as the trustee from time to time *deems necessary or advisable*" for her supplemental support and care. (Emphasis added.) This provision confers upon the trustees unfettered discretion to determine if and when Scott should receive trust funds, and in what amount. It imposes no restriction as to how this determination should be made, except that any distribution must be "over and above the benefits [Scott] otherwise receives or may become entitled to" because of her handicap. In light of this language, it is indisputable that Ralph intended that the determination of what is necessary or advisable for Scott's financial support, above and beyond available handicap benefits, be left solely to plaintiffs' judgment; and this broad grant of responsibility necessarily includes the prerogative to consider all financial resources at Scott's disposal.

Scott argues that if Ralph intended that Scott's income be considered or exhausted regardless of source, she would not have singled out disability benefits as those to be supplemented by trust funds. Again, this argument ignores the trustees' responsibility to evaluate Scott's needs aside from what she receives or may be entitled to in disability benefits. In construing trusts, courts should give effect to each word and phrase and should decline to adopt a construction

which would render any portion of the language meaningless or non-sensical. (*Harris Trust*, 145 Ill. 2d at 172-73.) To interpret this language as precluding any consideration of other income would be to compromise the role of the trustees implicit in the trust and render superfluous the broad grant of discretion given to them. Additionally, both sides agree that Ralph did not intend for Scott to receive trust funds to the extent those funds may prevent her from receiving disability benefits to which she may otherwise be entitled. Indeed, as plaintiffs observe, were trust funds to be disbursed to Scott without consideration of her other income and assets, her eligibility for such benefits could be impaired, frustrating Ralph's specific intent. Thus, the trial court properly found that plaintiffs may take into account Scott's other income when determining whether to make payments to her and may require exhaustion of all or any part thereof. We further note that there is no contention in this case that, in denying the requested distribution, plaintiffs acted in bad faith or fraudulently or that they abused their discretion as trustees.

Scott refers us to two cases which allegedly support a "general rule" that, in the absence of express trust language that the beneficiary's own assets must be exhausted or considered, the trustee is barred from doing so before making payments. Both cases relied upon by Scott are inapposite to the case at bar.

In *Hart v. Connors* (1967), 85 Ill. App. 2d 50, 228 N.E.2d 273, the court found no evidence, express or implied, that the beneficiary was to exhaust her own resources before looking to the trust. Unlike here, the trustee was directed, not merely given discretion, to make distributions to the beneficiary as necessary for her support or maintenance. Furthermore, there was a finding by the court that the testator was primarily concerned with the comfort of the beneficiary and intended that she have unencumbered use of the trust for that purpose. *Hart*, 85 Ill. App. 2d at 54.

Similarly, in *Nielsen v. Duyvejonck* (1968), 94 Ill. App. 2d 224, 236 N.E.2d 743, the will contained no express direction that the life tenant, who was the trustee as well as beneficiary of the trust, exhaust his own assets before invading the corpus of his life estate. Thus, the court held that he could look to the corpus of the estate for his maintenance and support, notwithstanding that he may have income and assets of his own. However, the relevant provisions of the will gave him "full power and authority to sell or dispose of any part [of the estate], whenever in his sound discretion he shall deem it necessary for his comfort and support." (*Nielsen*, 94 Ill. App. 2d at 226.) The beneficiary, rather than a third party, was vested with broad discre-

tion to use trust funds for his own comfort and support; this was obviously not the case here.

■ Scott next argues that the court erred in denying her attorney's request that his fees for this action be borne by the trust.

Although the general rule is that attorney fees are not awarded in the absence of a statute or agreement to the contrary (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52, 245 N.E.2d 468), a well-recognized exception exists permitting recovery of fees from an estate where the testator's intentions were so ambiguous that judicial construction of his will was required to resolve adverse claims to his property, or where there is an "honest difference of opinion" as to the proper construction of the document. (*Merchants National Bank v. Old Second National Bank* (1987), 164 Ill. App. 3d 11, 16, 517 N.E.2d 652; see *Northern Trust Co. v. Winona Lake School of Theology* (1978), 61 Ill. App. 3d 966, 975, 377 N.E.2d 1182.) Prior cases have held that fees should not be awarded unless construction is, in fact, necessary; if construction proves unnecessary, those seeking unsuccessfully to enforce their own interests are not entitled to fees from the estate. *Merchants National Bank*, 164 Ill. App. 3d at 16; *Winona*, 61 Ill. App. 3d at 975; see also *Northern Trust Co. v. Heuer* (1990), 202 Ill. App. 3d 1066, 560 N.E.2d 961.

Although the parties in this case disagreed as to the meaning of the trust language, we do not believe Ralph's intent was so unclear as to justify an award of fees. (See *Continental Illinois National Bank & Trust Co. v. Bailey* (1982), 104 Ill. App. 3d 1131, 1140, 433 N.E.2d 1098.) Additionally, because there was no finding of ambiguity, an award of fees would be contrary to the above cases. Accordingly, the trial court did not abuse its discretion in declining fees. *Continental Illinois*, 104 Ill. App. 3d 1131, 433 N.E.2d 1098.

■ Scott's final contention is that the court erred by entering judgment on all issues raised by the pleadings, because unresolved issues of fact remained in the case. Specifically, in her answer to the amended complaint for declaratory relief, Scott maintained that Stein, as co-trustee, had influenced the decision to deny Scott's request because Stein was a contingent beneficiary of Scott's share. Thus, she affirmatively requested that Stein be removed as trustee. She now claims that this issue remains unresolved.

It is well recognized that a party who has induced the trial court to make an error or acquiesced in its making cannot assign that same matter as error on appeal. *Martin v. McIntosh* (1976), 37 Ill. App. 3d 526, 531, 346 N.E.2d 450; *Posner v. Wechter* (1934), 276 Ill. App. 138.

Scott did not renew her affirmative claim in her motion for partial summary judgment; she only argued, in her response to plaintiffs' summary judgment motion, that Stein's affidavit should be considered in light of her position as contingent beneficiary. More importantly, during the hearing on attorney fees, plaintiffs' counsel requested that the court dispose of Scott's affirmative claim. Scott's counsel, however, responded that he believed those issues were "mooted" based upon the court's ruling on the summary judgment motions. Accordingly, given her posture at trial, Scott cannot now be heard to argue that the court erred in entering summary judgment on the pleadings.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.